IxSAVOIE, Judge Pro Tem.
The defendant, Premier- Bank, appeals from the trial court’s refusal to grant its declinatory exception of improper venue. For the reasons assigned below, we reverse the judgment of the trial court. The case is transferred to the First Judicial District Court in Caddo Parish.
FACTS
This case involves a dispute between the beneficiaries of a testamentary trust and the trustee concerning the management of the trust.[1] The plaintiffs, Randall Marston, Lisa Marston, and Randy Marston, are beneficiaries of testamentary trusts created by the will of Randolph Marston, Sr. The late Mr. Marston owned property in several parishes throughout the state, and his total estate was valued at about $5 million. Premier Bank was designated as the trustee, as well as the executor for Mr. Marston’s succession. The succession proceedings were filed in the First Judicial District Court in Caddo Parish. The succession and the three trusts were administered by Premier Bank’s office in Caddo Parish.
The plaintiffs filed a rule to remove Premier Bank as the trustee and to recover damages for breach of fiduciary duty. Suit was brought in Webster Parish. The petition asserted that certain property and mineral interests located in Webster Parish were imprudently managed by Premier Bank, as trustee. The plaintiffs sought Premier Bank’s removal as trustee and their recognition as owners of the property held in trust.
Premier Bank filed a declinatory exception of improper venue. It argued that under LSA-R.S. 9:1725(5) and 9:1789 of the Louisiana Trust RCode, the “proper court” for a dispute involving a testamentary trust would be the court having jurisdiction over the settlor’s succession, i.e., the First Judicial District Court in Caddo Parish.
The trial court overruled the exception of venue. The court held that the allegations in the plaintiffs’ rule, alleging wrongful conduct, were sufficient to trigger application of LSA-C.C.P. Art. 74, which provided for venue in the parish where an offense or tort occurred. Premier Bank appealed.
LAW
Venue Articles
Venue refers to “the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject.” LSA-C.C.P. Art. 41. The general rules of venue are set forth in LSA-C.C.P. Art. 42. The general rules of venue set forth in LSA-C.C.P. Art. 42 are subject to the exceptions provided in Articles 71 through 85 and as otherwise provided by law. LSA-C.C.P. Art. 43.
LSA-C.C.P. Art. 74 provides the following exception to the general rules of venue:
An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained. An action to enjoin the commission of an offense or quasi offense may be brought in the parish where the wrongful conduct occurred or may occur.
*727 Since exceptions to the general venue rules are in derogation of a common right, they must be strictly construed, and the party claiming the benefit of an exception must bring himself clearly within the exception. Hawthorne Oil and Gas Corporation v. Continental Oil Company, 377 So.2d 285 (La.1979); Keele v. Knecht, 621 So.2d 106 (La.App. 2d Cir.1993).
Trust Code Provisions
According to LSA-R.S. 9:1789 “[a] trustee may be removed in accordance with the provisions of the trust instrument or by the proper court for sufficient cause shown.” LSA-R.S. 9:1725(5) defines “proper court” in the case of a testamentary trust as “the district court having jurisdiction of the set-tlor’s succession.”
LSA-R.S. 9:2081 defines a breach of trust as “[a] violation by a trustee of a duty he owes to a beneficiary as trustee.” The liability of a trustee who commits a breach of trust is set forth in LSA-R.S. 9:2201, which provides:
If a trustee commits a breach of trust he shall be chargeable with:
(1) A loss or depreciation in value of the trust estate resulting from a breach of trust; or
(2) A profit made by him through breach of trust; or
(3) A profit that would have accrued to the trust estate if there had been no breach of trust.
LSA-R.S. 9:2221 establishes the beneficiary’s remedies against an errant trustee:
A beneficiary of a trust may institute an action:
(1) To compel a trustee to perform his duties as trustee;
(2) To enjoin a trustee from committing a breach of trust;
(3) To' compel a trustee to redress a breach of trust;
(4) To remove a trustee.
Among other Trust Code provisions addressing breaches of trust by the trustee are the following:
ULSA-R-S. 9:2182
If a trustee commits a breach of trust, the proper court in its discretion may deny him all compensation, allow him a reduced compensation, or allow him full compensation.
LSA-R.S. 9:2202
A trustee is not liable to a beneficiary for a loss or depreciation in value of the trust property, or for a failure to make a profit not resulting from a breach of trust.
LSA-R.S. 9:2208
The proper court for cause shown and upon notice to an interested beneficiary may excuse a trustee wholly or partly from liability for a breach of trust if the trustee acted honestly and reasonably.
DISCUSSION
Examination of the plaintiffs’ petition reveals that it is drafted in terms of the trustee’s alleged breaches of trust, with the plaintiffs seeking redress under provisions of the Trust Code. Among the relief requested is damages for loss or depreciation in value of the trust estates as a result of breach of trust by Premier Bank, denial and/or reduction of fees paid to Premier Bank as trustee, and removal of Premier Bank as trustee. The petition alleges, and other documentation demonstrates, that the trust contains property in several parishes, including Webster, Caddo, Red River, Richland and Madison Parishes. Evidence in the record further shows that the First Judicial District Court in Caddo Parish had jurisdiction over the succession of the settlor, Mr. Marston. Therefore, it is “the proper court” as defined in LSA-R.S. 9:1725(5).
In the instant ease, we find that Caddo Parish is the proper venue for |6the plaintiffs action. The plaintiffs seek relief under the Trust Code. AH of the relief sought under their rule is available under LSA-R.S. 9:2201 and LSA-R.S. 9:2221. If a trustee is to be removed, the removal must be ordered by the “proper court” under LSA-R.S. 9:1789. When a trustee commits a breach of trust, “the proper court” determines the effect of that breach upon the trustee’s compensation. LSA-R.S. 9:2182. Furthermore, “the proper court” may excuse a trustee from liability for *728 a breach of trust under certain circumstances. LSA-R.S. 9:2208. These provisions demonstrate that the legislature intended for proceedings for breaches of trust involving a testamentary trust to be dealt with in a forum where information concerning the testamentary trust and its administration would be readily and conveniently available. This is particularly important in a situation, such as the present one, where the trust involves property in numerous places. The legislature clearly did not intend to allow the trustee to be subjected to suits by the trust beneficiaries in any and every parish in which the trust owned property or the trustee acted in its representative capacity. Furthermore, implicit in all these provisions of the Trust Code is the concept that the proper court can make the beneficiary whole, by an award of damages, in the event of a breach of trust.
Under most circumstances, suits instituted on different theories of recovery may be brought in the venue which is proper for any theory alleged in the suit. Hebert v. Myers, 449 So.2d 185 (La.App. 3d Cir.1984); Hamm v. Amy, 544 So.2d 691 (La.App. 3d Cir.1989); LSA-C.C.P. Art. 45. Nevertheless, we deem this action to be an exception to this rule. Even if |6other actions are joined with a suit against the trustee for removal and/or breach of trust, the Trust Code requires the action to be brought in the “proper court,” which is the court having jurisdiction of the settlor’s succession.
Also, the plaintiffs have failed to adequately demonstrate that the present situation falls into any of the exceptions to general venue they claim, i.e., LSA-C.C.P. Art. 74 (action on an offense or quasi-offense), Art. 76.1 (action on a contract), or Art. 80 (action involving immovable property).
Therefore, we sustain Premier Bank’s exception of improper venue and order that the case be transferred to “the proper court,” the First Judicial District Court in Caddo Parish.
CONCLUSION
The judgment of the trial court is reversed. The ease is hereby transferred to the First Judicial District Court in Caddo Parish. Costs are assessed against the ap-pellees.
REVERSED. CASE TRANSFERRED TO FIRST JUDICIAL DISTRICT COURT, CADDO PARISH.
BROWN, J., concurs with reasons.

. No third parties are involved in this litigation.