779 So.2d 663 (2001)
FREEDOM LABOR CONTRACTORS OF FLORIDA, INC., Appellant,
v.
STATE of Florida, DIVISION OF UNEMPLOYMENT COMPENSATION, Appellee.
No. 3D00-152.
District Court of Appeal of Florida, Third District.
March 21, 2001.
Christopher C. Sharp, (Fort Lauderdale), for appellant.
Eric R. Hurst, (Tallahassee), for appellee.
*664 Before JORGENSON, COPE, and RAMIREZ, JJ.
PER CURIAM.
Freedom Labor Contractors of South Florida, Inc. (Freedom Labor) appeals from the Department of Labor, Division of Unemployment Compensation's determination that Frank Martinez, a joined party, was its employee, rather than an independent contractor for purposes of unemployment compensation. For the following reasons, we reverse.
Freedom Labor contracts with workers to provide its customers with temporary labor. The customers complete tickets recording the number of hours worked, and the workers return the tickets to Freedom Labor for their pay to be computed. Freedom Labor pays the workers directly, using the hourly rates set by the corporate president based on his evaluation of the worker's previous experience. Freedom Labor tells the workers they must sign an independent contractor's statement before being given work. The workers are told they can make themselves available for work or not as they please, may take outside employment, and are not bound to a schedule. The workers do not receive any benefits, or vacation or sick pay, and they carry their own liability insurance. They do not have any taxes deducted and receive a Form 1099 for tax purposes. Freedom Labor expects its customers to provide any necessary training, instruction, or supervision.
Frank Martinez, the joined party, was a temporary laborer who sought work through Freedom Labor. When he applied for unemployment benefits, the Division of Unemployment Compensation determined that he was an employee of Freedom Labor. Freedom Labor protested that determination, asserting that Frank Martinez was not an employee, but an independent contractor. After a hearing on Freedom Labor's protest, the special deputy issued its recommended order, concluding that Frank Martinez was an employee of Freedom Labor. The Director of the Division of Unemployment Compensation adopted the special deputy's order and affirmed the determination that Frank Martinez was an employee.
Agency determinations may be set aside if the agency's conclusions are derived from findings of fact not supported by competent record evidence. Zubi Adver. Servs., Inc. v. Dep't of Labor, 537 So.2d 145, 146 (Fla. 3d DCA 1989); Gershanik v. Dep't of Prof'l Regulation, 458 So.2d 302 (Fla. 3d DCA 1984), review denied, 462 So.2d 1106 (Fla.1985).
Cantor v. Cochran sets forth the test for determining whether a person is an employee or independent contractor.[1] The primary factor to be considered is the degree of control over the mode or details of the work. See Zubi Adver. Servs., Inc., 537 So.2d at 148; Dart Indus., Inc. v. Dep't Labor & Employment Sec., 596 *665 So.2d 725 (Fla. 5th DCA 1992). We agree with the special deputy's determination that Freedom Labor had no direct control over the details or the mode of work.[2] However, we disagree with the determination that through an agency relationship with its customers, Freedom Labor became Frank Martinez's employer. Even assuming Freedom Labor's customers had control over the mode or details of the work, there is no competent record evidence to support the conclusion that there was an agency relationship between Freedom Labor and its customers.
Reversed.
NOTES
[1] 184 So.2d 173 (Fla.1966). The factors to be considered are:

(a) the extent of control which, by the agreement, the master may exercise over the details of the work;
(b) whether or not the one employed is engaged in a distinct occupation or business;
(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
(d) the skill required in the particular occupation;
(e) whether the employer or workman supplies the instrumentalities, tools, and a place of work for the person doing the work;
(f) the length of time for which the person is employed;
(g) the method of payment, whether by the time or by the job;
(h) whether or not the work is a part of the regular business of the employer;
(i) whether or not the parties believe they are creating the relation of master and servant; and
(j) whether the principal is or is not in business.
Id. at 174; Restatement (Second) of Agency §§ 220(2) (1958).
[2] "[Freedom Labor] is not shown to be directly involved in directing or supervising these laborers in their work performance." Special Deputy's Recommended Order, at 4.