658 So.2d 20 (1995)
DIGITAL ENTERPRISES, INC.
v.
ARCH TELECOM, INC., and Winkle Enterprises, Inc.
No. 95-CA-30.
Court of Appeal of Louisiana, Fifth Circuit.
June 28, 1995.
Robert A. Barnett, Jeffery M. Lynch, Guste, Barnett & Sushan, New Orleans, for plaintiff-appellant.
James K. Irvin, Paul Simoneaux, Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, for defendants-appellees.
Before GAUDIN, GRISBAUM and WICKER, JJ.
GAUDIN, Judge.
This is an appeal from a trial court judgment upholding a clause in a contract stating that "... in the event of a dispute concerning this agreement, venue shall lie in a court of competent jurisdiction in Harris County, Texas." We affirm.
Forum-selection clauses are legal and binding. A plaintiff trying to set aside such a clause has a heavy burden.
The original petition filed in August, 1991 by Digital Enterprises, Inc., the appellant herein, named various out-of-state defendants, including Arch Telecom, Inc. and Winkle Enterprises, Inc. Arch Telecom is domiciled in Texas and Winkle in Illinois. The petition alleges that Digital had "entered a business relationship" with Arch Telecom and Winkle and that the defendants had been guilty of various and itemized misrepresentations. The petition further states that the defendants "... have refused to abide by the terms of the contract and representative agreement between the parties ..."
In response, Arch Telecom and Winkle filed a declinatory exception of improper venue, citing the contract clause requiring contract disputes to be litigated in Texas.
Digital argued that all material facts concerning the formation, performance and breach of the contract had occurred in Louisiana; further, the state had an interest in the litigation. The trial judge, however, maintained the exception and gave Digital time to file an amended petition.
In allegations made in a supplemental petition filed on December 20, 1993, and in another amending petition filed on March 21, 1994, Digital attempted to cure the venue defect. On March 24, 1994, the trial judge *21 again maintained the exception of improper venue.[1] This appeal followed.
In the supplemental petitions, Digital said, along with other allegations, that the parties had agreed to amend the original contract but that the defendants had not followed through; accordingly, Digital was not bound by the contract. The trial judge, in finding the forum-selecting clause valid, considered the pleadings and also the live testimony of two Digital officers, one of whom (John Fawer) gave testimony in support of the finding that the forum-selection clause was among those matters discussed before Digital's president (Sam Pulitzer) signed the contract. This witness also said that while the contract's pages were not attached, the contract was not signed in blank by Mr. Pulitzer, as Digital contended.
Apparently, there was some discussion about amending the contract but the trial judge concluded that a binding contract had been executed and that the allegations in the first petition and amending petitions related to disputes within the four corners of the agreement. We cannot say the trial judge erred in finding, several times, that Digital had not sufficiently alleged or shown that the contract dated May 15, 1993 was the result of fraud or that it violated fundamental fairness.
Digital is to bear costs of this appeal.
AFFIRMED.
NOTES
[1] Actually this was the third time the exception had been maintained.