762 So.2d 76 (2000)
PIQUE'-WEINSTEIN-PIQUE' ARCHITECTS, INC. and Burgdahl & Graves, A.I.A. Architects, A Joint Venture
v.
NEW ORLEANS AVIATION BOARD.
No. 99-CA-1231.
Court of Appeal of Louisiana, Fifth Circuit.
April 25, 2000.
Writ Denied June 30, 2000.
*77 Douglas Kewley, Thomas F. Gardner, Regel L. Bisso, Mary Ann Darr Wegmann, Gardner, Kewley & Bisso, Metairie, Louisiana, Attorneys for Plaintiffs/Appellees.
Paul J. Mirabile, Michele A. Engnath, Middleberg, Riddle & Gianna, New Orleans, Louisiana, Attorneys for Defendant/Appellant.
Panel composed of Judges CHARLES GRISBAUM, Jr., SOL GOTHARD and THOMAS F. DALEY.
GOTHARD, Judge.
Defendant, New Orleans Aviation Board ("NOAB"), appeals from the judgment of the trial court denying its exception of improper venue. We reverse the decision of the trial court.
Plaintiffs, Pique'-Weinstein-Pique' Architects, Inc. and Burgdahl & Graves, A.I.A. Architects, A Joint Venture, brought this suit against defendants for breach of contract. The petition which instituted this present action alleges that plaintiffs and defendant NOAB entered into a contract, on or about May 8, 1991, for architectural services for the project known as the West Terminal Expansion at the New Orleans International Airport in the City of Kenner. The parties have subsequently amended the Contract, and as of the date of the filing of the petition, had signed nine separate amendments to the Contract. The petition further alleges that NOAB had previously defaulted on the Contract and plaintiffs had obtained a money judgment against it. As a result of that judgment, the parties entered into the Seventh Amendment to the Contract.
Subsequent to the signing of the Seventh Amendment, NOAB committed a new series of material breaches, including the failure to pay subsequent amounts as they became due, and further refused to pay the Architect based on the cost of construction as required in the Seventh Amendment.
The most recent amendment to the Contract, the Ninth Amendment, provides for an additional payment of $36,562.64, and further provides for specific change orders to the scope of the original contract plus the previous amendments. The Ninth Amendment further provides that "Venue and jurisdiction of any suit, right or cause of action arising under or in connection with this agreement shall be in the City of New Orleans, Parish of Orleans, Louisiana."
The instant suit was filed in the 24th Judicial District Court for the Parish of *78 Jefferson on March 2, 1999. In the suit plaintiffs allege seven counts of breach of contract, and they request damages, legal interest and court costs for the breaches alleged therein.
NOAB filed an exception of improper venue, alleging that the parties had agreed that Orleans Parish would be the only venue for any suit arising out of the Contract. On July 20, 1999, the trial judge denied the exception without reasons. This appeal followed.
At the trial court, plaintiffs opposed the exception of improper venue on two grounds. First, it alleges that the forum selection clause is in contravention of La. R.S. 13:5104 B. Second, it argued that the venue provision contained in the Ninth Amendment is not applicable in this suit.
The law is clear that forum selection clauses are legal and binding, and a plaintiff trying to set aside such a clause has a heavy burden. Digital Enterprises, Inc. v. Arch Telecom, Inc., 95-30 (La.App. 5 Cir. 6/28/95), 658 So.2d 20. Such clauses are prima facie valid and should be enforced unless the resisting party clearly proves that enforcement would be unreasonable and unjust, or that the clause arises from fraud or overreaching, or that enforcement would contravene a strong public policy for the forum where the suit is brought. Pitts, Inc. v. Ark-La Resources, L.P., 30,836 (La.App. 2 Cir. 8/19/98), 717 So.2d 268, 269, citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).
R.S. 13:5104 B provides that:
All suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arose.
Plaintiffs had argued to the trial court that this provision precludes enforceability of the venue selection clause because the language of La. R.S. 13:5104 B is mandatory. We disagree.
The statute specifically provides that there are two venues in which a suit against a political subdivision may be filed, where the political entity is located or where the cause of action arose. The parties, by contract, agreed to limit the applicable venue to one, that being where the political subdivision is located. We do not find that this limitation is in contravention of the law.
Plaintiffs next opposed the exception on the grounds that the venue clause was ambiguous, and that it only applied to the Ninth Amendment, and not the entire contract, and because the petition alleges breach of more than just the provisions of the Ninth Amendment, this forum selection clause is not applicable. Plaintiffs had argued that the use of the term "agreement" in the venue clause, as opposed to the use of the term "Contract" throughout the rest of the documents, reflects an intent to limit the venue clause to only those causes of action arising out of a breach of the Ninth Amendment.
In Gottsegen v. Diagnostic Imaging Services, 95-977 (La.App. 5 Cir. 3/13/96), 672 So.2d 940, 943, writ denied, 96-0707 (La.4/26/96), 672 So.2d 909, this court set forth the law relative to contract interpretation:
Interpretation of a contract is the determination of the common intent of the parties. La.C.C. art.2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La.C.C. art.2046. The determination of whether a contract is clear or ambiguous, however, remains a question of law. South Cent. Bell Telephone Co. v. Ka-Jon Food Stores of Louisiana, Inc., 93-2926 (La.5/24/94)[,] 644 So.2d 357.

*79 The parties' common intent is determined in accordance with the general, ordinary, plain and popular meaning of the words used in the contract, unless the words are words "of art" or have acquired a technical meaning. La.C.C. art.2047; South Cent. Bell Telephone Co. v. Ka-Jon Food Stores of Louisiana, Inc., supra. Words susceptible of different meanings must be interpreted as having the meaning which best conforms to the object of the contract. La.C.C. art.2048. Although worded in general terms, the contract must be interpreted to cover only those things it appears the parties intended to include. La.C.C. art.2051.
We have reviewed the Ninth Amendment to the Contract, and the Contract as a whole, and we find that the Ninth Amendment refers to, and must be interpreted with, the entire contract. Thus, the term "agreement" in the Contract refers to the entire agreement (or the entire contract) and not just the Ninth Amendment. The suit at issue involves breach of the entire contract, and not just the Ninth Amendment. Interpreting the venue provision as suggested by the plaintiff would allow claims arising under the Ninth Amendment to be litigated in a different forum than claims arising under the remainder of the contract, and would require a severance of those claims urged in this suit. Such an interpretation is clearly absurd, and not required by our law.
We find that the venue selection clause contained in the Ninth Amendment is valid and enforceable, and that it applies to the entire contract. We further find that the trial court erred in denying the exception of improper venue filed by NOAB in this case. Accordingly, the judgment of the trial court denying the exception of improper venue is reversed, and we render judgment granting the exception of improper venue filed by defendant, New Orleans Aviation Board. All costs of this appeal are assessed against plaintiffs.
REVERSED; EXCEPTION OF IMPROPER VENUE GRANTED.