870 So.2d 1097 (2004)
ACG MEDIAWORKS, L.L.C.
v.
Bruce Walter FORD, Walters Ford-Lincoln Mercury and Bruce Walters Ford Sales, Inc.
No. 03-CA-978.
Court of Appeal of Louisiana, Fifth Circuit.
March 30, 2004.
*1100 Warren Horn, Joy Lyu Monahan, Heller, Draper, Hayden, Patrick & Horn, L.L.C., New Orleans, LA, for Appellant.
Howard B. Kaplan, Bernard, Cassisa & Elliott, Metairie, LA, for Appellee.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS and WALTER J. ROTHSCHILD.
JAMES L. CANNELLA, Judge.
The Plaintiff, ACG Media Works, L.L.C., appeals from a judgment granting declinatory exceptions of lack of subject matter and personal jurisdiction filed by the Defendants, Bruce Walters Ford, Walters Ford-Lincoln Mercury and Bruce Walters Ford Sales, Inc. (collectively Bruce Walters) and dismissing the Plaintiff's breach of contract suit. We affirm in part and reverse in part.
The Defendants own and operate a car and truck dealership located in Pikeville, Kentucky, with their principal place of business there. The Defendants conduct their business activities in Pikeville and have no dealerships in Louisiana. They do not market or solicit in Louisiana, maintain any offices or bank accounts in Louisiana, and do not derive any revenue from Louisiana.
The Plaintiff is an advertising and marketing consulting firm that provides specialized sales and management consulting, marketing strategies, and sales management skills to automotive dealers throughout the United States. It also provides specialized staffing of sales promotional events. It is a Louisiana limited liability company, operating, domiciled and having its registered office in Louisiana. Much of its early preparation and production of its services leading up to a contracted event are created and prepared in Louisiana.
In early June of 2002, the Defendants were interested in having a sales promotion event for their Ford dealership in Pikeville. Upon the recommendation of Big Gross.com, an automotive advertising promoter, the Defendants contacted the Plaintiff, a specialist in providing services for this type of event. The parties began negotiations by telephone and electronic communications. Shawn Burst, the President of the Plaintiff, and Kirby Walters Clark (Clark), the representative of the Defendants, exchanged telephone calls, facsimiles and e-mails. The contract was drafted in Louisiana and sent to Clark in Kentucky, who added an addendum, signed it and returned it to Louisiana for signature. The original contract contained a forum selection clause designating jurisdiction in Louisiana. The Defendants added an addendum to supercede certain provisions in the original contract, which included a forum selection and choice of law clause. The contract states that "Jurisdiction is Pikeville Kentucky" and "Kentucky law governs our agreement." The contract was signed by the Plaintiff on June 14, 2002. Payment under the contract was conditioned on the satisfaction of certain goals and payment was made to the Plaintiff based on sales generated. The Plaintiff disputed the payment, contending that the sales were actually higher and that they are entitled to additional compensation.
On August 27, 2002, the Plaintiff filed suit for breach of contract against the Defendants in the 24th Judicial District *1101 Court for the Parish of Jefferson, State of Louisiana. In response, the Defendants filed the declinatory exceptions of lack of subject matter jurisdiction and lack of personal jurisdiction in November of 2002. A hearing was held in February of 2003. On February 28, 2003, the trial judge rendered a judgment granting the exceptions and dismissing the suit.
On appeal, the Plaintiff contends that the trial judge erred in granting the exceptions, asserting that the trial judge failed to conduct the proper inquiry to determine whether the assertion of personal jurisdiction comports with constitutional due process. Further, it contends that the trial judge erred by relying solely on the forum selection clause to resolve the issue, by concluding that the forum selection clause was enforceable and exclusive to Kentucky, and by finding that subject matter jurisdiction does not exist in Louisiana.
SUBJECT MATTER JURISDICTION
District courts have original jurisdiction of all civil matters, except as otherwise authorized by the Louisiana constitution or provided by law. La. Const. Art. 5, § 16(A)(1). "Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled." La.C.C.P. art. 1. Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties. La. C.C.P. art. 3. A cause of action alleging breach of contract, regardless of the contract's subject matter, is a civil matter falling within our jurisdiction. A & L Energy, Inc. v. Pegasus Group, 00-3255, p. 12 (La.6/29/01), 791 So.2d 1266, 1275, cert. denied, 534 U.S. 1022, 122 S.Ct. 550, 151 L.Ed.2d 426 (2001); Levert v. University of Illinois at Urbana/Champaign ex rel. Bd. of Trustees, 2002-2679 (La.App. 1st Cir.9/26/03), 857 So.2d 611, 617-19. This is a breach of contract case. Thus, Louisiana courts have subject matter jurisdiction in this case and that part of the judgment granting the exception of lack of subject matter jurisdiction is reversed.
FORUM SELECTION
The contract here has forum selection and choice of law provisions. In general, forum selection clauses are legal and binding in Louisiana, except as specifically prohibited by law. A plaintiff trying to set aside such a clause has a heavy burden. Pique'-Weinstein Pique' Architects, Inc. v. New Orleans Aviation Bd., 99-1231, p. 4 (La.App. 5th Cir.4/25/00), 762 So.2d 76, 78; Digital Enterprises, Inc. v. Arch Telecom, Inc., 95-30 (La.App. 5th Cir.6/28/95), 658 So.2d 20. Such clauses are prima facie valid and should be enforced unless the resisting party clearly proves that enforcement would be unreasonable and unjust, or that the clause arises from fraud or overreaching, or that enforcement would contravene a strong public policy for the forum where the suit is brought. Pitts, Inc. v. Ark-La Resources, L.P., 30,836, pp. 2-3 (La.App. 2nd Cir.8/19/98), 717 So.2d 268, 269, citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).
The Plaintiff asserts that enforcement of the forum selection clause in this case contravenes a strong public policy against such clauses and is unreasonable and unjust. It cites Tulane Indus. Laundry, Inc. v. Quality Lube & Oil, Inc., 00-0610 (La. App. 4th Cir.1/24/01), 779 So.2d 99. In that case, the forum selection purported to *1102 allow a Louisiana company to sue a Mississippi resident in Louisiana, even though the Mississippi resident had no minimum contacts with Louisiana and had not submitted to personal jurisdiction there. The Fourth Circuit held that the forum selection clause was enforceable. It cited La. Rev.Stat. 51:1407 [the Unfair Trade Practices and Consumer Protection Law] noting that the statute prohibits, as against public policy, the parties to a contract from agreeing that a particular court would have jurisdiction to decide a contractual dispute when no minimum contacts existed in relation to the chosen court. The court found that the enforcement of the clause in that case would have been unreasonable.
R.S. 51:1407 was amended in 1997 to add a provision addressing venue when a solicitation is by mail, telephone, or any electronic communications and to add a prohibition against forum selection clauses. Although the amending act, Acts 1997, No. 943, § 1, indicates that the prohibition in R.S. 51:1407 against such clauses may have been included to apply specifically to mail, telephone and electronic solicitations, the Fourth Circuit extended the Act to non-telephone solicitors.
The trial judge found the case distinguishable. We agree. Here, unlike Tulane Indus. Laundry, Inc., the selected forum is Kentucky, the Defendant's home state. There, the selected forum was the plaintiff's home state. Obviously, the question of minimum contacts in Kentucky is not at issue here. The Defendant in our case has minimum contacts in its home state of Kentucky, as does the Plaintiff. Thus, we agree with the trial judge that the Plaintiff's reliance on that case to invalidate the forum selection clause is misplaced.
While we acknowledge that the preparatory work for the sales event in Kentucky necessitated intrastate telephone and electronic communications between the two parties, the end result was the sales promotional event at the car dealership in Kentucky. Everything else relating to the sales event occurred in Kentucky. The only contact the Defendants had with Louisiana was this contract. In addition, the Plaintiff is a sophisticated business entity. It signed the contract after the Defendants specifically changed the selected forum from Louisiana to Kentucky. The Plaintiff specifically agreed that Kentucky law would apply. The Plaintiff knew or should have known and recognized the implications of agreeing to litigate in Kentucky when it signed the contract. For these reasons, we find that enforcement of the forum selection clause in this contract is reasonable and just under the facts before us.
The Plaintiff argues alternatively that the clause does not preclude the suit being brought in Louisiana. We disagree. The contract states that "Jurisdiction is Pikeville Kentucky" and "Kentucky law governs our agreement." It is evident that the parties intended any disputes to be resolved in Kentucky by Kentucky law. Thus, we find that the forum selection clause is enforceable.
PERSONAL JURISDICTION
Although we find that the forum selection clause is enforceable, we also have reviewed the case for constitutional due process and conclude that Louisiana does not have personal jurisdiction over the Defendants.
The Louisiana long-arm statute, La.R.S. 13:3201, provides for the exercise of personal jurisdiction over a nonresident defendant. R.S. 13:3201 A(1) and B state that:
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of *1103 action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.
. . . .
B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.
In A & L Energy, Inc., the Louisiana Supreme Court noted that by enacting La. R.S. 13:3201(B), the limits of the Louisiana long-arm statute have become co-extensive with the limits of constitutional due process. "Thus, the sole inquiry into jurisdiction over a nonresident is a one-step analysis of the constitutional due process requirements." A & L Energy, Inc., 00-3255 at 4, 791 So.2d at 1270.
Under International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) and its progeny, personal jurisdiction over a nonresident defendant requires that the defendant "have certain minimum contacts with [the state] such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" This fundamental test to satisfy constitutional due process requires that a court evaluate the quality and nature of the defendants' activities in the forum state to determine whether such contacts justify the state's exercise of its judicial power over the person. Id. at 319-21, 66 S.Ct. at 160; A & L Energy, Inc., 00-3255 at 4, 791 So.2d at 1270-71.
Constitutional Due Process
The test for constitutional due process has two parts. A & L Energy, Inc., 00-3255 at 4, 791 So.2d at 1270-71. The first part requires minimum contacts with the state. The minimum contacts prong is satisfied by a single act or actions by which the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985); Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958); A & L Energy, Inc., 00-3255 at 5, 791 So.2d at 1271. The nonresident's "purposeful availment" must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980); A & L Energy, Inc., 00-3255 at 4, 791 So.2d at 1270-71. This requirement ensures that the nonresident defendant will not be "haled into a jurisdiction solely as a result of a random, fortuitous, or attenuated contact, or by the unilateral activity of another party or a third person." A & L Energy, Inc., 00-3255 at 5, 791 So.2d at 1271.
The second part of the due process test involves fairness. "Even when minimum contacts exist, the exercise of personal jurisdiction over a nonresident defendant will fail to satisfy due process requirements if the assertion of jurisdiction offends `traditional notions of fair play and substantial justice.' International Shoe, 326 U.S. at 316, 66 S.Ct. at 158." A & L Energy, Inc., 00-3255 at 5, 791 So.2d at 1271.
Specific versus General Jurisdiction
There is a distinction between general [personal] jurisdiction and specific [personal] jurisdiction. A & L Energy, Inc., 00-3255 at 5, 791 So.2d at 1271; de Reyes v. Marine Management and Consulting, *1104 Ltd., 586 So.2d 103. The forum state has specific jurisdiction over a nonresident when that defendant has purposefully directed its activities at residents of the forum state and the litigation results from alleged injuries that arise out of or relate to those activities. A & L Energy, Inc., 00-3255 at 5-6, 791 So.2d at 1271; Burger King, 471 U.S. at 473 n. 15, 105 S.Ct. at 2182 n. 15. General jurisdiction attaches when the nonresident defendant's contacts with the forum state, although not related to the plaintiff's cause of action, are continuous and systematic. A & L Energy, Inc., 00-3255 at 6, 791 So.2d at 1271; Burger King, 471 U.S. at 473 n. 15, 105 S.Ct. at 2182 n. 15. However, this classification is only used as an analytical tool to "catorgorize (sic) the degree of interrelation between the defendant's activities, the forum, and the cause of action." A & L Energy, Inc., 00-3255 at 6, 791 So.2d at 1271. The two-part due process evaluation, minimum contacts and fairness, must still be conducted according to the particular facts of each case. Id.; de Reyes, 586 So.2d at 109.
In this case, the parties agree that general jurisdiction does not apply because the Defendants' only contacts in Louisiana were related to the single contract for the Kentucky sales promotion disputed in this lawsuit.
A) Minimum Contacts
The Plaintiff argues that contacts between the parties through the means of telephone and electronic communications (fax and e-mail) constitute minimum contacts.
In contract disputes, the exercise of personal jurisdiction requires an evaluation of the following factors surrounding the contract and its formation: (1) prior negotiations between the parties; (2) contemplated future consequences of the contract; (3) the terms of the contract; and (4) the parties' actual course of dealing. A & L Energy, Inc., 00-3255 at 6, 791 So.2d at 1271; See Burger King, 471 U.S. at 477-79, 105 S.Ct. at 2184-2186. An individual's contract with an out-of-state party alone cannot establish minimum contacts in the home forum. A & L Energy, Inc., 00-3255 at 7, 791 So.2d at 1272.
Here, the parties utilized telephone and electronic communications to negotiate and finalize the contract, to sign the contract and to prepare for the sales event. No one from the Defendants' companies came to Louisiana prior to or during the event. Although the contract negotiations involved communications in Louisiana, the contemplated future consequences of the contract was the sales event in Kentucky, the terms of the contract provided that Kentucky law and the forum would be Kentucky, and the parties' actual course of dealing was aimed at the event in Kentucky. The only reason that Louisiana was involved was because it is the location of the Plaintiff's business. The Defendants did not "purposefully avail itself of the privilege of conducting activities within this state and did not reasonably anticipate being "haled into court" in Louisiana. Thus, we find that there are insufficient contacts with Louisiana for this State to obtain personal jurisdiction over the Defendants.
Nevertheless, even if there are "minimum contacts" sufficient for due process, the Defendants have shown that it would be unfair and unjust to force them to litigate the matter in Louisiana.
B) Fair Play and Substantial Justice
If the plaintiff meets his burden of proving minimum contacts, the burden shifts to the defendant to prove that *1105 the jurisdiction would be so unreasonable in light of "traditional notions of fair play and substantial justice" to overcome the presumption of reasonableness created by the defendant's minimum contacts with the forum. de Reyes, 586 So.2d at 107; A & L Energy, Inc., 00-3255 at 11, 791 So.2d at 1274.
In determining the issue of fundamental fairness, we must examine (1) the defendant's burden; (2) the forum state's interest in the dispute; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering fundamental social policies. Those considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than that required otherwise. The fairness component is comprised mainly of the burden on the defendant to defend a suit in the forum minus the interests of the plaintiff and the state to have the suit litigated in the forum.
A & L Energy, Inc., 00-3255 at 11, 791 So.2d at 1274.
Applying those factors to this case, we conclude that, given the lack of or minimal contacts in Louisiana, the Defendants burden of litigating in Louisiana is greater than Louisiana's interest in the dispute, the Plaintiff's interest in convenient and effective relief, the judicial system's interest in efficient resolution of controversies, and Louisiana's shared interest in furthering fundamental social policies. Thus, we find that the assertion of Louisiana jurisdiction over these Defendants offends "traditional notions of fair play and substantial justice," and that they have met their burden of overcoming the "presumption of reasonableness created by the defendant's minimum contacts with the forum." Id..[1]
Accordingly, the judgment granting the exception of lack of subject matter jurisdiction is vacated and reversed and the exception is denied. The judgment granting the exception of lack of personal jurisdiction is affirmed. Costs of this appeal are to be paid by the Plaintiff.
JUDGMENT REVERSED IN PART AND AFFIRMED IN PART
NOTES
[1] We note that La.C.C.P. art. 932 provides that, when the grounds of the declinatory exception can be removed, the judgment sustaining the exception must allow the plaintiff an opportunity to remove the objection. However, the grounds of the objection cannot be removed in this case, so a remand for that purpose would be fruitless.