927 So.2d 553 (2006)
BOES IRON WORKS, INC.
v.
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA.
No. 05-CA-782.
Court of Appeal of Louisiana, Fifth Circuit.
March 28, 2006.
*554 Wayne J. Jablonowski, Slidell, Louisiana, for Plaintiff/Appellant.
R. Gray Sexton, Tracy Meyer Walker, Baton Rouge, Louisiana, for Defendant/Appellee.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
Plaintiff appeals from a judgment granting defendant's exception of improper venue. For the reasons stated herein, we vacate the trial court's judgment and remand the case for further proceedings.

Factual and Procedural History
Boes Iron Works, Inc. ("Boes") filed the instant petition for damages in the 24th Judicial District Court for the Parish of Jefferson against Travelers Casualty and Surety Company of America ("Travelers"). In its petition, Boes alleged the following facts: On February 10, 1999, MAPP Construction, Inc. ("MAPP") entered into a construction contract with the Jefferson Parish Council for the construction of a parking garage at the East Jefferson General Hospital. In connection with this project, Travelers issued a payment bond naming MAPP as principal which obligated Travelers to pay all sums due and owed to subcontractors for this project.
In connection with this project, MAPP entered into a subcontract with Boes whereby Boes was to furnish labor and material for the project. Although Boes performed the work specified under the subcontract, there allegedly remains a past due balance in the amount of $316,783.50. Boes alleged that Travelers, as the surety, is obligated to Boes for payment of this sum as well as attorney's fees and penalties pursuant to La. R.S. 38:2246 and La. R.S. 9:2784.
In response to this petition, Travelers brought a declinatory exception of improper venue on the basis that venue in the 24th Judicial District is improper and that the only proper venue is in the 19th Judicial District Court in the Parish of East Baton Rouge. In support of this argument, Travelers relied on the provisions of the subcontract entered into between MAPP and Boes governing the parties' obligations in connection with this project. Travelers argued that based on a forum selection clause contained in that contract, any action arising out of the agreement must be brought in the 19th Judicial District Court.
Boes opposed this exception on the basis that the subcontract does not control venue in this matter involving the payment bond where MAPP is not a party to the lawsuit. Boes also argued venue is proper in Jefferson Parish pursuant to the provisions of La. C.C.P. art. 76.1 and the Public Works Act, La.R.S. 38:2241, et seq.
Following a hearing, the trial court granted the exception of improper venue and transferred the matter to the 19th Judicial District Court. In its reasons for judgment, the trial court relied on the venue provisions of the subcontract executed *555 between MAPP and Boes. Boes now appeals from the trial court's judgment.

Law and Discussion
Because venue is a question of law, an appellate court should conduct a de novo review of the record. Bloomer v. Louisiana Workers' Compensation Corp., 99-0707 (La.App. 1 Cir. 5/12/00), 767 So.2d 712, 714. Venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject. La. C.C.P. art. 41. The general venue exception pertaining to contracts is contained in La. C.C.P. art. 76.1, which provides:
An action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract.
Further, the rules of venue governing public contracts are contained in La. R.S. 38:2181, which provides in part:
A suit arising under any public contract regarding the construction, alteration, or repair of any public works or for the purchase of materials or supplies, may be instituted either in the parish in which the public entity is located or in any other parish where, by law, such action may be instituted.
In addition, La. R.S. 38:2243 authorizes the public entity or any claimant to file a petition in the proper court of the parish where the work was done directly against the surety on the bond to collect unpaid sums on any filed and recorded claims. See also, La. R.S. 38:2247, which provides a claimant with a right of action against the surety on a bond furnished pursuant to the Public Works Act.
Pursuant to these statutory provisions governing either general contracts or public contracts, an action on a contract executed or performed in Jefferson Parish may be brought in Jefferson Parish. Further, under certain circumstances, a subcontractor may file a claim directly against a surety under the statute without inclusion of the contractor or the public entity.
However, Travelers cites to the provisions of the subcontract between MAPP and Boes as governing venue in this case. Travelers contends that the forum selection clause contained in that contract is applicable to this lawsuit and requires it to be brought in East Baton Rouge Parish. Travelers contends that forum selection clauses are legal and binding and should be enforced unless enforcement would be unreasonable or against public policy. Travelers also contends that a plaintiff trying to set aside such a clause has a heavy burden. Digital Enterprises, Inc. v. Arch Telecom, Inc., 95-30 (La.App. 5 Cir. 06/28/95), 658 So.2d 20; Pitts, Inc. v. Ark-La Resources, L.P., 30,836 (La.App. 2 Cir.08/19/98), 717 So.2d 268, 269.
Our review of the present case indicates that we are unable to address the issues raised by this appeal because the record is not complete. First, although plaintiff alleges in brief that its claim was filed pursuant to the Public Works Act and that venue is proper under this statute in Jefferson Parish, the record fails to contain sufficient evidence that this statute is applicable to the facts of this case. The only specific reference to the Public Works Act in plaintiff's petition is the claim for attorney's fees pursuant to La. R.S. 38:2246. We note that plaintiff also seeks attorney's fees under the statute governing general contracts, La. R.S. 9:2784.
Further, a copy of the subcontract relied upon by the defendant and the trial court is not contained in the record. Although the parties referred to the contract during the exception hearing and the trial court relied on the contract in its reasons for *556 judgment, the transcript of the exception hearing indicates that no exhibits were introduced at the trial level. The record also reflects that the contract is not attached to any of the pleadings filed by the parties, and is not found in the record lodged in this court.
We are a court of record and must limit our review to the evidence in the record on appeal. As an appellate court, we cannot review evidence that is not in the record on appeal and we cannot receive new evidence. Littlejohn v. Quiram, 01-0075 (La. App. 4 Cir. 10/24/01), 800 So.2d 73, 74.
This principle has been further explained as follows:
Pursuant to LSA-C.C.P. art. 2164, an appellate court must render judgment upon the record on appeal. The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, jury instructions, judgments and other rulings, unless otherwise designated. LSA-C.C.P. arts. 2127 and 2128. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Augustus v. St. Mary Parish School Board, 95-2498 (La.App. 1st Cir.6/28/96); 676 So.2d 1144, 1156. The appellate briefs of parties are not a part of the record on appeal, and this court has no authority to consider on appeal facts referred to in appellate briefs, or in exhibits attached thereto, if those facts are not in the record on appeal. Augustus v. St. Mary Parish School Board, 676 So.2d at 1156; Dawson v. Cintas Corp., 97-2275 (La.App. 1 Cir. 6/29/98), 715 So.2d 165, 167. In fact, the Louisiana Fifth Circuit Court of Appeal has held that "an appellate court is forbidden by the law and jurisprudence to consider evidence which is outside the record on appeal." Barrois v. Wal-Mart Stores, Inc., 97-636 (La.App. 5 Cir. 11/25/97), 703 So.2d 798, 799.

Littlejohn v. Quiram, supra, 800 So.2d at 74.
Although we find that venue in this proceeding may be proper under the general venue exception relating to actions on contracts, we are unable to determine the applicability of La. R.S. 38:2181 because plaintiff has failed to assert a sufficient factual allegations in its petition regarding the Public Works Act. Further, without a copy of the subcontract which allegedly contains the forum selection clause, we are unable to determine whether that agreement is binding between the parties in this case.
Accordingly, because the record on appeal in this case is insufficient to rule on the exception of improper venue, this court is compelled to vacate that judgment and remand to the trial court for further proceedings. On remand, because an exception of venue is dependent upon the cause of action asserted, it must be determined whether plaintiff is asserting its claims under the Public Works Act or under general contractual provisions.[1]
VACATED AND REMANDED.
NOTES
[1] Under most circumstances, suits instituted on different theories of recovery may be brought in the venue which is proper for any theory alleged in the suit. Hebert v. Myers, 449 So.2d 185 (La.App. 3d Cir.1984); Hamm v. Amy, 544 So.2d 691 (La.App. 3d Cir.1989); Marston v. Premier Bank, N.A., 27,794 (La. App. 2 Cir. 12/6/95), 665 So.2d 725, 728; La. C.C.P. art. 45. Thus, if it is determined that plaintiff's petition states claim under both the Public Works Act and general contractual provisions, venue in Jefferson Parish would be proper under both La. R.S. 38:2181 and La. C.C.P. art. 76.1