JOAN BERNARD ARMSTRONG, Chief Judge.
hThe plaintiff-appellant, Ernestine Lee, appeals[1] a judgment dismissing, pursuant to an exception of improper venue, her personal injury claim against the defendant-appellee, Commodore Holdings, Ltd. (“Commodore”).[2] For the reasons that *159 follow, we affirm the judgment of the trial court.
Plaintiff, a domiciliary of Jefferson Parish, alleges that she was injured on June 5, 1998, while a passenger aboard the vessel “Enchanted Capri” in the waters of the Mississippi in the Parish of Orleans, when she tripped in an attempt to avoid a falling light fixture. She attributes her injuries to the negligence of Commodore, its agents, officers and employees.
Commodore filed an exception of improper venue based on a forum selection clause contained in the ticket allegedly purchased by Ms. Lee, which clause designates New York City as the proper forum.[3] Commodore cites Carnival Cruise Lines v. Shute, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991)[4] for the proposition that a passenger ticket for an ocean voyage is a maritime contract governed by the general maritime law, and that forum selection clauses contained in such tickets are Invalid and enforceable if fundamentally fair. Also citing Shute, the plaintiff counters that the trial court erred in preventing her from introducing evidence proving that because of her limited financial resources and autistic child, it would be fundamentally unfair to require her to litigate this matter in New York. Plaintiff does not contend that forum selection clauses such as the one Commodore alleges was contained in her ticket are unenforceable in general. Instead, the plaintiff contends that it would be fundamentally unfair to enforce the forum selection clause based on the particular facts of this case.
The defendant contends that the plaintiff should have filed an exception to jurisdiction rather than venue and that not having done so originally, it is now too late to do so. The case cited by the plaintiff, Sanchez v. Commodore Cruise Lines, Ltd., 97-2355 (La.App. 4 Cir. 4/22/98), 713 So.2d 572, does not support this argument as the Sanchez court refers to both venue and jurisdiction without drawing a distinction between them.
In Shute, the Supreme Court implicitly did not treat the forum selection clause question as jurisdictional. It discussed jurisdiction only in connection with the issue of minimum contacts with the forum. Smith v. Doe, 991 F.Supp. 781, 784 (E.D.La.1998), treats the forum selection clause as a venue issue as does Smith v. Commodore Cruise Line Ltd., 124 F.Supp.2d 150 (S.D.N.Y., 2000).[5] See also Digital Enterprises, Inc. v. Arch Telecom, Inc., 95-30 (La.App. 5 Cir. 6/28/95), 658 So.2d 20 and Pique’-Weinstem-Pique’ Architects, Inc. v. New Orleans Aviation, 99-1231 (La.App. 5 Cir. 4/25/00), 762 So.2d 76.
| aFinally, we note that the plaintiff has cited no cases in which a court has held it to be error to raise the forum selection clause as a matter of venue.
Accordingly, we find no error in the trial court’s action in deciding this case in response to the defendant’s exception of venue. Therefore, we will proceed to a consideration of the merits of the defendant’s exception of venue.
*160 In Shute, plaintiff cruise ship passengers brought an action against the cruise line seeking damages for injuries sustained as a result of a slip and fall.
After the Shutes, Washington State residents, purchased passage on a ship owned by defendant Carnival Cruise Lines, Inc., a Florida based cruise line, defendant sent them tickets containing a clause designating courts in Florida as the agreed-upon fora for the resolution of disputes. The Shutes boarded the ship in Los Angeles, and while in international waters off the Mexican coast, Mrs. Shute suffered injuries when she slipped on a deck mat. Id. The Shutes filed suit in a Washington Federal District Court, which granted summary judgment for the defendant. The Court of Appeals reversed, holding, inter alia, that the forum selection clause should not be enforced under The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), because it was not “freely bargained for,” and because its enforcement would operate to deprive the Shutes of their day in court in light of evidence indicating that they were physically and financially incapable of pursuing the litigation in Florida.
The Supreme Court reversed the Court of Appeals, finding that the forum selection clause requiring litigation of all disputes in Florida was indeed reasonable and enforceable. The Court reasoned that because of the likelihood that a mishap on the cruise could subject a cruise line to litigation in several different fora, the line has a special interest in limiting such fora. Moreover, a clause establishing ex |4ante the dispute resolution forum has the salutary effect of dispelling confusion as to where suits may be brought and defended, thereby sparing litigants time and expense and conserving judicial resources that would be devoted to deciding those motions.
The plaintiff complains that the trial court would not allow her to testify that it would be a “grave inconvenience” for her to have to litigate in New York because of her limited income and her autistic child. This is important to her case as the Supreme Court in Shute indicated that one of the few ways for a party to successfully oppose the enforcement of a forum selection clause is to make a showing of serious inconvenience[6].
The Supreme Court explained in Shute that its earlier decision in The Bremen, supra, stands for the proposition that,
... even where the forum clause establishes a remote forum for resolution of conflicts, “the party claiming [unfairness] should bear a heavy burden of proof.’’[Emphasis added.]
Id., 499 U.S. at 592, 111 S.Ct. at 1526; See also Smith v. Doe, 991 F.Supp. 781, 784 (E.D.La.1998); Digital Enterprises, Inc. v. Arch Telecom, Inc., 95-30 (La.App. 5 Cir. 6/28/95), 658 So.2d 20 and Pique’-Weinstein-Pique’ Architects, Inc. v. New Orleans Aviation, 99-1231 (La.App. 5 Cir. 4/25/00), 762 So.2d 76.
We find, pursuant to the public policies expressed in Shute as set forth above, that even had the plaintiff been allowed to prove her allegations of inconvenience, such allegations do not constitute “unfairness” as a matter of law. There is no allegation that the forum chosen in the forum selection clause was deliberately chosen to inconvenience the plaintiff. We find it no more burdensome |fifor Ms. Lee to go to New York as required by the forum selection clause in the instant case than it was for the Shutes to go from Washington State to Florida when the United States Supreme Court chose to *161 enforce the forum selection clause in Shute. And just as the Shute court found that Florida was not a “remote alien forum” relative to Washington State, we find that New York is not a remote alien forum relative to Louisiana.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.

. This appeal was reinstated pursuant to an opinion rendered in this matter on March 22, 2006.

. The defendant refers to itself in its pleadings as, "New Commodore Cruise Line Limited."

. The forum selection clause was identified as a standard clause in the ticketing contract based on the affidavit of the defendant's Chief Financial Officer, Alan Pritzker, over the objection of the plaintiff, which objection was apparently rejected by the trial court.

. Commodore also cites a number of unreported cases of which we do not take notice.

. Both of these Smith cases involve the same defendant as in the instant case, Commodore, and apparently the same forum selection clause designating New York as the proper forum.

. Fraud is another basis, but no fraud is argued by the plaintiff to this Court.