WALTER J. ROTHSCHILD, Judge.
12Plaintiff, Beevers and Beevers, L.L.P. (“Beevers”), appeals from a trial court judgment granting defendant’s exceptions of improper venue and transferring this case to St. Tammany Parish. For the reasons stated herein, we reverse the trial court’s judgment and remand the case for further proceedings.

FACTS AND PROCEDURAL HISTORY

On October 11, 2005, Beevers filed a “Petition on Open Account” in the 24th Judicial District Court for the Parish of Jefferson against defendant, Elizabeth Smyth Sirgo (“Ms. Sirgo”). In its petition, Beevers asserts that it performed legal services in connection with Ms. Sirgo’s divorce and child support litigation and it maintained an open account with Ms. Sirgo for these services. Beevers contends that Ms. Sirgo has not paid the balance due on this account, which is $31,370.74 plus inter *841 est and attorney fees, and it seeks recovery of these sums. A retainer agreement signed by Ms. Sirgo and Mr. Beevers, which set forth Beevers’ rates and other terms and conditions of representation, was attached to the petition.
On January 24, 2006, Beevers filed an amended petition, in which it amended the title of the original petition to read, “Petition for Breach of Contract |sand/or in the Alternative Open Account.” In the amended petition, Beevers raises breach of contract claims against Ms. Sirgo, asserting that Ms. Sirgo violated the contractual terms of the retainer agreement when she failed to pay the balance on her account.
On January 26, 2006, Ms. Sirgo filed a declinatory exception of improper venue, asserting that Jefferson Parish is an improper venue for this lawsuit, because she is domiciled in St. Tammany Parish and the proper venue for suits on open account is the parish in which the defendant is domiciled. On February 17, 2006, Ms. Sir-go filed a declinatory exception of improper venue as to the amended petition, contending that plaintiffs case is a suit on open account, not breach of contract and thus, the only permissible venue in this suit is St. Tammany Parish.
On April 7, 2006, the trial court held a hearing on defendant’s exceptions. On April 19, 2006, the trial court signed a judgment granting Ms. Sirgo’s exceptions of improper venue and transferring the case to the Twenty-Second Judicial District Court for the Parish of St. Tammany. On May 1, 2006, Beevers filed a Motion for New Trial, which was denied by the trial court on July 14, 2006. Beevers appeals.

DISCUSSION

On appeal, Beevers asserts that the trial court erred in granting defendant’s exceptions of improper venue. It asserts that the trial court relied solely on this Court’s decision in Chehardy, Sherman, Ellis, Breslin & Murry v. Amerasia Co., Inc., 96-384 (La.App. 5 Cir. 11/14/96), 694 So.2d 355, which held that the general rales of venue set forth in LSA-C.C.P. art. 42 apply to suits on open account. Beevers argues that the written contract between the parties supercedes the general venue articles set forth in the Louisiana Code of Civil Procedure and |4the holding of Chehardy, Sherman, Ellis, Breslin, & Murry v. Amerasia Co., Inc., supra, and thus, venue is proper in Jefferson Parish.
Venue means the parish where an action may properly be brought and tried under the rules regulating the subject. Boes Iron Works, Inc. v. Travelers Cas. and Sur. Co. of America, 05-782 (La. App. 5 Cir. 3/28/06), 927 So.2d 553, 555. LSA-C.C.P. art. 42 provides the general guidelines of venue, but they are subject to the exceptions contained in LSA-C.C.P. arts. 71 through 85, and otherwise provided by law. LSA-C.C.P. art. 43; Belwise Aquaculture Systems, Inc. v. Lemke, 05-69 (La. App. 3 Cir. 6/1/05), 904 So.2d 940, 941, 'writ denied, 05-1735 (La.1/27/06), 922 So.2d 547.
In the present case, Beevers initially filed a Petition on Open Account. Thereafter, Beevers amended its petition to assert claims for breach of contract or, in the alternative, open account. In her memorandum in support of her exception of improper venue, Ms. Sirgo relies on the Chehardy case for her position that plaintiffs action is one on open account, not a contract action. In Chehardy, this Court cited Olinde v. Couvillion, 94-1275 (La. App. 4 Cir. 2/23/95), 650 So.2d 1241, which stated, “Although a claim on open account necessarily involves some type of contractual relationship between the parties, the law has recognized it in a different way than a normal breach of contract claim.” However, in Chehardy and Olinde, the is *842 sue was whether suits on open account follow the general rules of venue in LSA-C.C.P. art. 42, rather than the venue rules for breach of contract cases in LSA-C.C.P. art. 76.1. Unlike Chehardy and Olinde, the present case involves a written contract that contains a forum selection clause. The forum selection clause in the contract provides as follows:
Should any dispute arise concerning the services provided by Beevers & Beevers, L.L.P., the interpretation or enforcement of any provision |Rof this agreement, I agree that the proper venue is the Parish of Jefferson, State of Louisiana.
The parties entered into a contract in which they both clearly agreed that Jefferson Parish would be the proper venue if any dispute arose concerning the services provided by Beevers. Contracts have the effect of law for the parties. LSA-C.C. art.1971; Derbes v. GBS Properties, L.L.C., 04-1460 (La-App. 5 Cir. 4/26/05), 902 So.2d 1109, 1111. Interpretation of a contract is the determination of the common intent of the parties. LSA-C.C. art. 2045; Gottsegen v. Diagnostic Imaging Services, 95-977 (La-App. 5 Cir. 3/13/96), 672 So.2d 940, 943, writ denied, 96-707 (La.4/26/96), 672 So.2d 909.
Generally, forum selection clauses are legal and binding in Louisiana, except as specifically prohibited by law. ACG Mediaworks, L.L.C. v. Ford, 03-978 (La.App. 5 Cir. 3/30/04), 870 So.2d 1097, 1101. Forum selection clauses are prima facie valid and should be enforced unless the resisting party clearly proves that enforcement would be unreasonable and unjust, or that enforcement would contravene a strong public policy for the forum where the suit is brought. Pique’-Weinstein-Pique’ Architects, Inc. v. New Orleans Aviation Board, 99-1231 (LaApp. 5 Cir. 4/25/00), 762 So.2d 76, 78, writ denied, 00-1483 (La.6/30/00), 767 So.2d 41. A party seeking to set aside a forum selection clause has a heavy burden. Digital Enterprises, Inc. v. Arch Telecom, Inc., 95-30 (La-App. 5 Cir. 6/28/95), 658 So.2d 20.
Although the jurisprudence clarifies that the general rules of venue apply to suits on open account, there is nothing in the Louisiana Code of Civil Procedure that specifically prohibits the parties from agreeing to a different venue. In the instant case, the parties specifically agreed that Jefferson Parish would be the proper venue for any dispute arising from Beevers’ representation of Ms. Sirgo.
1 (¡Considering the record before us and the applicable law and jurisprudence, we find that the forum selection clause agreed to by the parties is legal and binding in this litigation. We further find that enforcement of the forum selection clause is reasonable and just under the facts before us. Accordingly, the trial court erred in granting defendant’s exceptions of improper venue and transferring the case to St. Tammany Parish, and we reverse the trial court’s ruling.

DECREE

For the reasons set forth above, the trial court judgment granting defendant’s exceptions of improper venue and transferring this matter to St. Tammany Parish is reversed. We remand this case to the Twenty-Fourth Judicial District Court for the Parish of Jefferson for further proceedings.

REVERSED AND REMANDED.