WALTER J. ROTHSCHILD, Judge.
|2Plaintiffs, Garrity Printing, L.L.C., Richard Garrity, and Roseann Garrity,[1] appeal the trial court’s June 12, 2009 judgment which sustained both the Exception of Improper Venue filed by defendant, M & M Mortgage, Inc., and the Exception of Improper Venue and Lack of Personal Jurisdiction filed by defendant, Michael Ran-dles. For the following reasons, we affirm.

STATEMENT OF THE CASE

According to plaintiffs, in 2005, Garrity Printing sought financing in order to permit growth of its business through the acquisition of additional equipment. Plaintiffs contacted AmStar Mortgage in Baton Rouge, Louisiana, which is now I.W.C. International Funding, L.L.C., as brokers to help them obtain the desired financing, and they entered into a broker agreement with AmStar. According to plaintiffs, in early 2006, after they obtained financial information from plaintiffs, 13Am Star prepared a solicitation package and distributed it to numerous potential lenders. According to plaintiffs, they followed the recommendation of AmStar and accepted an offer from M & M Mortgage.
On February 6, 2006, Richard Garrity signed a Broker Fee Agreement authorizing M & M Mortgage to locate a lender to provide the requested financing of $6,000,000. On that same date, Richard and Roseann Garrity both signed a letter/agreement from the president of M & M Mortgage, Michael Randles, which set forth the specific terms and conditions of the $6,000,000 loan sought, including the condition that a fee of five points or five percent of the loan amount would be paid to M & M Mortgage. According to plaintiffs, they paid a $60,000 retainer fee to M & M Mortgage on February 8, 2006, as agreed by the parties, and an additional $185,000 to M & M Mortgage on February 13, 2006, as partial prepayment of the five percent fee, closing costs, and interest, for a total of $245,000 paid to M & M Mortgage.
*84 Apparently, the parties could not come to an agreement or a dispute arose, so the financing sought by plaintiffs was never obtained through M & M Mortgage. Plaintiffs contend that on June 14, 2006, they sent a letter to M & M Mortgage and Michael Randles terminating the agreement between the parties and requesting a refund of the money that had been paid, less “hard costs,” but defendants did not respond or return any money.
On July 28, 2007, plaintiffs filed a Petition for Damages in the 24th Judicial District Court against M & M Mortgage, Michael Randles, and others, for return of the $245,000 paid to M & M Mortgage, as well as additional damages and attorney fees. On October 26, 2007, M & M Mortgage & Michael Randles filed Exceptions of Improper Venue and Lack of Personal Jurisdiction, asserting that venue was not proper in Jefferson Parish due to the choice of venue or forum selection clause |4agreed to in the Broker Fee Agreement, which provides that the state of Georgia shall be the venue if any dispute arises. They further claim that these defendants have no relation to the state of Louisiana and do not possess the minimum contacts with Louisiana sufficient to subject them to its jurisdiction.
A hearing was held before the trial court on December 3, 2007. At the conclusion of the hearing, the trial court found that venue was improper in Louisiana, particularly in Jefferson Parish, and that Michael Ran-dles did not have sufficient contact with the state of Louisiana for it to exercise personal jurisdiction over him. The trial court granted the Exceptions of Improper Venue and Lack of Personal Jurisdiction, and dismissed M & M Mortgage and Michael Randles from this lawsuit. A written judgment to this effect was signed June 12, 2009.[2] It is from this judgment that plaintiffs appeal.

DISCUSSION

In their first assignment of error, plaintiffs contend that the trial court erred in granting the Exception of Improper Venue filed by defendants. We disagree.
The Broker Fee Agreement signed by Richard Garrity provides in pertinent part:
This entire agreement is governed by Georgia law; Further, if any dispute arises, the venue shall be in the State of Georgia, United States of America.
Generally, forum selection clauses are legal and binding in Louisiana, except as specifically prohibited by law. Beevers & Beevers, L.L.P. v. Sirgo, 06-841, p. 5 (La.App. 5 Cir. 2/27/07), 953 So.2d 840, 842; ACG Mediaworks, L.L.C. v. Ford, 03-978, p. 5 (La.App. 5 Cir. 3/30/04), 870 So.2d 1097, 1101. Forum selection clauses are prima facie valid and should be enforced unless the resisting party clearly proves that enforcement would be unreasonable and unjust, or that | r,enforcement would contravene a strong public policy for the forum where the suit is brought. Id.; Pique’-Weinstein-Pique’ Architects, Inc. v. New Orleans Aviation Board, 99-1231, p. 4 (La.App. 5 Cir. 4/25/00), 762 So.2d 76, 78, writ denied, 00-1483 (La.6/30/00), 767 So.2d 41. A party seeking to set aside such a clause has a heavy burden. Vallejo Enterprise, L.L.C. v. Boulder Image, Inc., 05-2649, p. 3 (La.App. 1 Cir. 11/3/06), 950 So.2d 832, 835.
Plaintiffs argue that the Broker Fee Agreement was only signed by Richard Garrity, not Roseann Garrity, and that the Broker Fee Agreement only comes into effect “upon performance of Broker,” and the broker did not perform in this case *85 because no financing was obtained. They further assert that the February 6, 2006 letter/agreement between plaintiffs and M & M Mortgage is the agreement at issue in this case. They note that it was signed by Richard and Roseann Garrity, and they claim that it is a separate agreement that does not contain a forum selection clause.
The Broker Fee Agreement sets forth the relationship between the parties and authorizes M & M Mortgage to locate a lender for the requested financing. We note that there is no indication in the record that Richard Garrity did not have the authority to sign the Broker Fee Agreement on behalf of Garrity Printing. Although plaintiffs contend that the Broker Fee Agreement was not in effect because no financing was obtained, we find that argument to be unpersuasive. The record does not establish that there was no “performance” by M & M Mortgage, and the agreement specifically sets forth terms for a situation in which financing is not obtained.
Further, although plaintiffs claim that the letter/agreement signed by Richard and Roseann Garrity is a separate agreement that is not subject to the venue provisions in the Broker Fee Agreement, we disagree. The Broker Fee Agreement | nsets forth the 5% broker fee to be paid to M & M Mortgage, and Richard Garrity initialed next to the financing request of $6,000,000 on this agreement on February 6, 2006, the same day that the letter/agreement was signed. Although the letter/agreement sets forth more specific terms than those set forth in the Broker Fee Agreement, these documents are related and not entirely separate agreements pertaining to a different business relationship or with different terms. In plaintiffs’ petition, they note that the Broker Fee Agreement was included with the letter/agreement setting forth the proposed terms for the loan. Further, there is no requirement under the law that a forum selection or venue clause be contained in each document related to the same relationship or the same requested service in order to be valid.
The evidence before us reveals that the Broker Fee Agreement is applicable in this case and that plaintiffs have not met their heavy burden of proving that enforcement of the forum selection or venue clause would be unreasonable and unjust, or that enforcement would contravene a strong public policy for the forum where the suit is brought. After considering all of the arguments set forth by plaintiffs, we find that the trial court was correct in granting the Exception of Improper Venue filed by defendants in this matter. Accordingly, this assignment of error is without merit.
Although we have found that the forum selection or venue clause in the Broker Fee Agreement is enforceable in this case, we have also reviewed the plaintiffs’ second assignment of error. In their second assignment of error, plaintiffs argue that the trial court erred in finding that Michael Randles did not possess the minimum contacts required for personal jurisdiction in Louisiana and in granting his Exception of Lack of Personal Jurisdiction. We disagree.
|7In determining whether there is personal jurisdiction, we consider the Louisiana long-arm statute, LSA-R.S. 13:3201(B), which provides that “a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.” To comply with constitutional due process requirements, the nonresident defendant must have certain “minimum contacts” with the forum state such that he could reasonably anticipate being haled *86 into court there, and the exercise of personal jurisdiction must be such that it “does not offend traditional notions of fair play and substantial justice”. Ruppert v. George Kellett & Sons, Inc., 08-182, p. 8 (La.App. 5 Cir. 9/30/08), 996 So.2d 501, 506; International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).
Minimum contacts are established when the nonresident defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). The nonresident’s “purposeful availment” must be such that the defendant “should reasonably anticipate being haled into court” in the forum state. Alonso v. Line, 02-2644, p. 7 (La.5/20/03), 846 So.2d 745, 750-751, cert. denied, 540 U.S. 967, 124 S.Ct. 434, 157 L.Ed.2d 311 (2003); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). This “purposeful availment” requirement ensures that the nonresident defendant will not be haled into a jurisdiction solely as a result of a random, fortuitous, or attenuated contact, or by the unilateral activity of another party or a third person. A&L Energy, Inc. v. Pegasus Group, 00-3255, p. 6 (La.6/29/01), 791 So.2d 1266, 1271-72, cert. denied, 534 U.S. 1022, 122 S.Ct. 550, 151 L.Ed.2d 426 (2001); Asahi Metal Industry Co., Ltd. v. Superior Court of California, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987).
Generally, questions of personal jurisdiction must be weighed on a case by case basis. Swoboda v. Hero Decks, 09-1303, p. 4 (La.App. 4 Cir. 3/31/10), 36 So.3d 994, 998, unit denied, 10-993 (La.6/25/10), 38 So.3d 346. There are no clear-cut rules or a set jurisdictional formula that can be applied in determining whether personal jurisdiction conforms with the notion of “fair play and substantial justice.” Id.
In the present case, plaintiffs’ petition indicates that plaintiffs contacted Am Star in Baton Rouge, Louisiana, and AmStar apparently distributed a solicitation package to numerous potential lenders. M & M Mortgage, through Michael Randles, responded to the solicitation and the parties thereafter agreed that M & M Mortgage would locate a lender for the financing requested by plaintiffs.
In his Exception of Lack of Personal Jurisdiction, Michael Randles claims that M & M Mortgage’s single transaction in Louisiana involving plaintiffs is insufficient to confer personal jurisdiction over him. Plaintiffs respond that Louisiana has personal jurisdiction over Mr. Randles because Mr. Randles, as a principal of M & M Mortgage, offered to provide a loan to Garrity Printing in Jefferson Parish, Louisiana, to be secured by holdings in Jefferson Parish, Louisiana. They further argue that Mr. Randles requested money from plaintiffs in Louisiana, money was wired to M & M Mortgage from Louisiana, defendants corresponded with plaintiffs in Louisiana, and that defendants had set up relationships with Louisiana loan brokers to refer potential loan applicants to them.
M & M Mortgage is a Georgia corporation with its principal place of business in Georgia, and Michael Randles, the president of M & M Mortgage, is a Georgia domiciliary. There is no evidence in the record that Michael Randles or M |9& M Mortgage maintained an office, bank account, phone number, or post office box in Louisiana, and the evidence does not show that they directly advertised or solicited business in Louisiana. Although plaintiffs allege that defendants set up relationships *87 in Louisiana in order to have loan applicants referred to them, the record does not establish this. Rather, the petition merely states that AmStar sent a solicitation package to numerous potential lenders and M & M Mortgage responded. This does not establish that M & M Mortgage or Michael Randles purposefully solicited business in Louisiana. The evidence does not show that Mr. Randles’ actions rose to the level of “purposeful availment” of Louisiana’s law such that he could expect to be haled into a Louisiana court.
Considering the entire record before us and applying the applicable law, we agree with the trial court that Michael Randles does not have sufficient minimum contacts for Louisiana to exercise personal jurisdiction over him. Accordingly, Mr. Randles’ Exception of Lack of Personal Jurisdiction was properly granted.

DECREE

For the foregoing reasons, we affirm the trial court judgment granting the Exceptions of Improper Venue and Lack of Personal Jurisdiction filed by defendants. All costs of this appeal are to be paid by plaintiffs.

AFFIRMED.

. Richard and Roseann Garrity are the sole members of Garrity Printing, L.L.C.

. Plaintiffs filed a Motion for New Trial on August 11, 2009. A hearing was held on October 13, 2009, and the trial court denied the motion on that date.