960 So.2d 1274 (2007)
CASE ATLANTIC COMPANY, Plaintiff-Respondent,
v.
BLOUNT BROTHERS CONSTRUCTION, INC., et al, Defendant-Applicants.
No. 42,251-CW.
Court of Appeal of Louisiana, Second Circuit.
June 20, 2007.
*1275 Wray & Pierce, LLP by Russel W. Wray, Baton Rouge, The Pesnell Law Firm by Billy Pesnell, Shreveport, for Respondents St. Paul Fire & Marine and Blount Brothers.
Office of General Counsel by Cheryl L. Duvieilh, for Applicant State of LA Dept. of Transportation & Dev.
Hayter & Odom, L.L.C. by John O. Hayter, III, Shreveport, for Respondent Case Atlantic Company.
Before CARAWAY, MOORE and LOLLEY, JJ.
MOORE, J.
The State of Louisiana, Department of Transportation and Development ("DOTD"), seeks supervisory review of an interlocutory judgment that denied its declinatory exception of improper venue as to the cross-claim filed by Blount Brothers Construction. Finding that the forum selection clause incorporated into DOTD's contract with Blount trumps the general venue provision of La. C.C.P. art. 1034, we grant the writ, make it peremptory, and order the cross-claim severed and transferred to the 19th Judicial District Court for East Baton Rouge Parish.

Procedural Background
In August 2002, DOTD awarded a contract to Blount to build "Twelve Mile Bayou Bridge and Approaches" in Caddo Parish for a total cost of approximately $5.1 million. The contract incorporated by reference the 2000 Standard Specifications for Roads and Bridges, which provided in § 107.01: "When the Department is the contracting agency, any litigation arising under or related to the contract or bidding or award thereof shall be instituted in the 19th Judicial District Court in and for the Parish of East Baton Rouge, State of Louisiana."
*1276 Blount awarded a subcontract to Case Atlantic Co. to perform piling work on the project. This contract is not included in the record.
In early 2005, Case sent lien notices to DOTD, alleging that Blount had failed to pay Case for certain labor, materials and supplies. DOTD complied with the roads and bridges lien statute, La. R.S. 48:256.3 through 48:256.12, and withheld from Blount two payments totaling $153,337.77. Blount nevertheless completed the project and DOTD gave final acceptance in November 2005.
In August 2006, Case filed the instant suit for concursus in Caddo Parish. It named as defendants Blount, DOTD and DOTD's surety, St. Paul. Concursus is authorized by a special provision of the roads and bridges lien statute, R.S. 48:256.8 A:
If at the expiration of the forty-five days any filed and recorded claims are unpaid, the department shall file a petition in the proper court of the parish where the work was done, citing all claimants and the contractor, subcontractor, and surety on the bond and asserting whatever claims it has against any of them, and shall require the claimants to assert their claims. If the department fails to file the proceeding any claimant may do so.
Citing this statute, DOTD deposited the $153,337.77 into the court registry and prayed for judgment relieving it of any liability to the parties for that amount.
Blount then filed a cross-claim against DOTD, urging that DOTD had issued a stop order on the project in January 2003, delaying work until August and leading to cost overruns. Blount contended that DOTD wrongly withheld the payments now in the court registry, and sought damages for increased costs.
DOTD responded with the exception of improper venue, citing § 107.01 of the Standard Specifications. In support, it cited jurisprudence upholding forum selection clauses. It prayed for judgment dismissing the cross-claim.
Blount opposed the exception, raising the factual argument that its refusal to pay Case was fully justified as Case had performed defective work. Blount's legal position with respect to venue was La. C.C.P. art. 1034, which provides in part, "[A]n objection of improper venue may not be urged if the principal action has been instituted in the proper venue." Blount contended that venue for the concursus suit in Caddo was mandated by R.S. 48:256.8, so the cross-claim also had to proceed there.
By subsequent pleadings, DOTD asserted that Blount and St. Paul were not "claimants" under the roads and bridges lien statute, as they are "not any person to whom money is due pursuant to a contract with the owner." La. R.S. 48:256.5 A. Blount countered that it was indeed a claimant, as it was still due money under the contract, and it was entitled to rely on the mandatory venue of R.S. 48:256.8.
After a brief hearing in January 2007, the district court found that R.S. 48:256.8 was controlling, and Blount's right to bring an incidental action was not affected by the general contract. The court therefore overruled the exception.
This court granted DOTD's writ on February 15, 2007.

The Parties' Contentions
DOTD raises two assignments of error. First it contends the district court erred in finding that Blount was a "claimant" and required to litigate its cross-claim for breach of contract in the concursus action. Blount was a "contractor," not a claimant; moreover, it never filed any notice of lien as required by R.S. 48:256.5 B. DOTD explains that it raised no objection to the concursus because this required it only to deposit the contested amount (actually *1277 125% of the stated value of the subcontractor's claims) to avoid any further liability. The breach of contract claim, however, is totally different and invokes § 107.01's selection of East Baton Rouge. Second, DOTD contends the court erred in disregarding the legally binding effect of the forum selection clause. It shows that forum selection clauses are generally upheld. Luffey v. Fredericksburg Properties of Texas, 37,591 (La.App. 2 Cir. 12/10/03), 862 So.2d 403; Piqué-Weinstein-Piqué Architects Inc. v. New Orleans Aviation Bd., 99-1231 (La.App. 5 Cir. 4/25/00), 762 So.2d 76, writ denied, XXXX-XXXX (La.6/30/00), 767 So.2d 41. Finally, it shows that forum selection clauses are held to supersede the general venue provisions of the Code of Civil Procedure. Town of Homer v. United Healthcare of La. Inc., 41,512 (La.App. 2 Cir. 1/31/07), 948 So.2d 1163.
Case has filed a brief aligning itself with DOTD. It submits that the legislature never intended the expedited concursus procedure to encompass "protracted construction litigation between owner and general contractor."
Blount urges the district court was legally correct on three grounds. First, the special lien statute, R.S. 48:256.8 A, requires DOTD or any claimant to file concursus in the parish where the work was done. Also, the general concursus statute, La. C.C.P. art. 4653 B, fixes venue for "any sale, lease, or other transaction affecting or pertaining to immovable property or any character of interest therein" in the parish where the immovable is situated. This point, Blount contends, distinguishes the case from Luffey, United Healthcare of La., and other cases which did not involve immovable property. Second, C.C.P. art. 1034 requires any incidental action to be tried in the same venue as the principal demand; Blount counters Case's position by urging that the legislature never intended to require two trials when one will suffice. Third, the general contractor is indeed a claimant under R.S. 48:256.8, since it has alleged that it is due money under its contract with DOTD; also, the general contractor is not bound by the lien provisions of R.S. 48:256.5 B, as these apply only to subcontractors, who had no privity with DOTD.

Discussion
Forum selection clauses are legal and binding; anyone seeking to set one aside bears a heavy burden of proof. Digital Enterprises Inc. v. Arch Telecom Inc., 95-30 (La.App. 5 Cir. 6/28/95), 658 So.2d 20. Such clauses are prima facie valid and should be enforced unless the resisting party clearly proves that enforcement would be unreasonable and unjust, that the clause arises from fraud or overreaching, or that enforcement would contravene a strong public policy of the forum where the suit is brought. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); Pitts Inc. v. Ark-La Resources L.P., 30,867 (La.App. 2 Cir. 8/19/98), 717 So.2d 268.
DOTD correctly shows that by entering the general contract, which incorporated § 107.01, Blount agreed to institute in East Baton Rouge Parish "any litigation arising under or related to the contract." The instant cross-claim, alleging breach of contract, is plainly regulated by § 107.01. To avoid the selection of East Baton Rouge Parish, Blount must show one of the exceptions mentioned above.
The public policy of Louisiana is expressed in its statutes and codes. Blount argues that under R.S. 48:256.8 A, DOTD (or any claimant) is required to file a concursus proceeding in the parish where the work was done, and under C.C.P. art. 4653 B, the action for concursus arising from any transaction affecting immovable property must be filed in the parish where the property is located. *1278 However, Blount's cross-claim is not a concursus but a breach of contract claim. Requiring Blount to bring this claim in East Baton Rouge, pursuant to § 107.01, does not offend any strong public policy pertaining to concursus actions.
We have closely considered the application of La. C.C.P. art. 1034, under which "an objection of improper venue may not be urged if the principal action has been instituted in the proper venue." This is a general code provision that conflicts with § 107.01. The issue is analogous to that presented in Town of Homer v. United Healthcare of La., supra. There, the Town of Homer, which operates Homer Memorial Hospital, entered a participation agreement with United Healthcare, an HMO, for the latter to provide healthcare to the hospital's employees. The agreement included a clause providing that "proper venue for any legal action shall be in the Parish of East Baton Rouge." Later, the town claimed that United Healthcare breached the agreement by failing to pay claims timely. It filed suit in Claiborne Parish, urging that venue was proper under La. C.C.P. art. 76, which provides that an action on a health and accident insurance policy may be brought in the parish where the insured is domiciled or in the parish where the accident or illness occurred. United Healthcare filed an exception of improper venue, relying on its forum selection clause. The district court denied the exception.
This court reversed and sustained the exception. We found that the forum selection clause was valid and mandatory, thus placing a heavy burden of proof on the town to show an exception. Id., at 6, 948 So.2d at 1167. In the absence of fraud, overreaching or unreasonableness, the only issue was whether the public policy expressed in Art. 76 overrode the forum selection. We found it did not: "[A]ll damage claims asserted by the hospital (whether labeled `breach of contract' or allegedly based on assignments of benefits) arise under the Participation Agreement and are, therefore, subject to the forum selection clause." Id., at 7, 948 So.2d at 1168. The same reasoning applies here. The mandatory terms of § 107.01 plainly supersede the general provisions of C.C.P. arts. 1034 and 4653 B, and of R.S. 48:256.8 A.
In so holding, we are cognizant of the competing policy interests. Blount correctly argues that the law disfavors a multiplicity of actions and piecemeal litigation. Blount is surely inconvenienced by having to participate in a concursus in Caddo Parish while simultaneously pursuing a contract claim in East Baton Rouge, both arising from the same project. However, § 107.01 is part of the contract, and Blount was fully aware of it from the outset. The fact that this later appears to be a "bad deal" for a party is no grounds to undermine the contract. Bonomo Builders Inc. v. Aztec Paving & Heavy Const., 38,236 (La.App. 2 Cir. 3/3/04), 867 So.2d 935, and citations therein. Equally, Case would be inconvenienced by the delays sure to result from converting its concursus action, a summary proceeding, into a contract claim, an ordinary action. The special concursus statute, R.S. 48:256.8 A, is not designed to accommodate breach of contract claims between the general contractor and DOTD. Finally, we recognize the enormous benefit accruing to Blount from contracting with DOTD; this dwarfs the potential inconvenience of having to file breach of contract claims in East Baton Rouge.
In short, we do not find that § 107.01 resulted from fraud or overreaching, that enforcing it would be unreasonable or unjust, or that enforcement would contravene a strong public policy. The district court *1279 was legally wrong to deny DOTD's exception of improper venue.
With this finding, we pretermit any consideration of whether Blount was a "claimant" or a "contractor" for purposes of R.S. 48:256.5 B. Regardless of its status, it cannot bring a breach of contract action, either as a principal or an incidental claim, against DOTD in Caddo Parish.
When an action is brought in a court of improper venue, an appellate court has the discretion to dismiss the action or, in the interest of justice, transfer it to a court of proper venue. La. C.C.P. art. 121; Town of Homer v. United Healthcare of La., supra. In the interest of justice, we direct Blount's cross-claim to be severed from the principal action and transferred to the 19th Judicial District Court, East Baton Rouge Parish.

Conclusion
For the reasons expressed, we grant the writ and make it executory. We grant DOTD's exception of improper venue as to Blount Brothers' cross-claim, and order the cross-claim severed from the principal action and transferred to the 19th Judicial District Court, East Baton Rouge Parish. All costs are to be paid by the respondent, Blount Brothers Construction.
WRIT GRANTED AND MADE PEREMPTORY; EXCEPTION OF IMPROPER VENUE GRANTED; CROSS-CLAIM SEVERED AND TRANSFERRED TO 19th JUDICIAL DISTRICT COURT, EAST BATON ROUGE PARISH.