MARION F. EDWARDS, Chief Judge.
12At issue in this appeal is the validity of a forum selection clause contained in a Time Charter/Service Contract between the plaintifi/appellant, Aquatic Lodging, L.L.C. (“Aquatic”), and the defendant/ap-pellee, Bayou Boys Boat Rental, L.L.C. (“Bayou Boys”). The trial court upheld the clause and sustained an exception of improper venue filed by Bayou Boys. Aquatic appeals that judgment. We reverse and remand.
In July 2010, Aquatic and Bayou Boys entered into a Time Charter/Service Contract as part of the BP Oil Spill Response Project. Under the provisions of the contract, Aquatic leased a 110-man flotel barge at a daily rate of $32,570 to Bayou Boys. The term of the contract was from June 21, 2010 through September 18, 2010. The contract derives from a master service contract between Bayou Boys and BP Exploration & Production, Inc. (“BP”).
On August 31, 2010, Aquatic filed a suit on open account asserting that Bayou Boys had not paid the invoices sent for payment under the contract. | oAquatic attached an accounting of invoices sent and amounts paid to support its contention that Bayou Boys was $548,904.38 in arrears on the account.
Bayou Boys filed an exception of improper venue based on the following forum selection clause contained in the contract.
In the absence of a mutual agreement in writing, for any action Connected With this Contract brought by either Party (or any member of either Party’s Group, or any Third Party pursuant to this contract), venue shall be exclusively in federal district court situated in Harris County, Texas, or if there is no subject matter jurisdiction in federal court, then in the Texas State District Court situated in Harris County, Texas. The Parties (and any other Persons asserting any action pursuant to this Contract) submit to personal jurisdiction and waive any other venue that may be applicable to such action whether by reason of their present of future residence or domicile or otherwise. Notwithstanding the foregoing, if one or both of the Parties is involved in litigation in a forum other than in Harris County, Texas, the Parties may assert claims Connected With this Contract in such litigation to the extent, and only to the extent, necessary to avoid waiver of such claims. Each Party, knowingly and voluntarily, waives its respective right to a jury trial.[1]
Aquatic opposed the exception by arguing that the enforcement of the forum selection clause would be unreasonable, unjust, and against public policy. More specifically, Aquatic asserts that the parties do not have minimum contacts in Texas, that the Louisiana Unfair Trade Practices Act prohibits forum selection clauses, and that Jefferson Parish is the most convenient forum for all parties.
After a hearing on the matter, the trial court granted the exception of venue, finding that the forum selection clause was valid and sustaining Bayou Boys exception of venue. Aquatic appealed that ruling. Bayou Boys filed a brief in opposition to the appeal in this Court. However, subsequently, Bayou Boys filed a Motion to Withdraw Opposition to the Appeal and waived oral argument. This motion makes Bayou Boys’ position on the merits of the judgment from which the appeal was taken *564 unclear to this Court. Therefore, in this opinion, we will consider |4only the arguments made by appellant, Aquatic, and not the opposing arguments of appellee, Bayou Boys.

LAW AND ANALYSIS

Forum selection clauses are legal and binding in Louisiana, except as specifically prohibited by law. These clauses are prima facie valid and should be enforced unless the resisting party clearly proves that enforcement would be unreasonable and unjust, or that enforcement would contravene a strong public policy for the forum where the suit is brought. Therefore, a party seeking to set aside such a clause has a heavy burden.[2]
The clause at issue is contained in a subcontract involving two Louisiana companies that mirrors the forum selection clause in the overriding master service contract between Bayou Boys and BP. Aquatic argues that enforcement of this forum selection clause requires minimum contacts with the selected state that are not present in this instance. We agree.
Aquatic asserts that enforcement of the forum selection clause in this ease contravenes a strong public policy against such clauses and is unreasonable and unjust. In support of that argument, Aquatic cites Tulane Indus. Laundry, Inc. v. Quality Lube Oil, Inc,[3] In that case, the forum selection purported to allow a Louisiana company to sue a Mississippi resident in Louisiana, even though the Mississippi resident had no minimum contacts with Louisiana and had not submitted to personal jurisdiction there. In reaching that decision, the Tulane court cited the Unfair Trade Practices and Consumer Protection Law,[4] noting that the statute prohibits, as against public policy, the parties to a contract from agreeing |5that a particular court would have jurisdiction to decide a contractual dispute when no minimum contacts existed in relation to the chosen court.
We find that reasoning applicable to the contract between Aquatic and Bayou Boys. Both Aquatic and Bayou Boys are Louisiana companies involved in the BP spill cleanup off the Louisiana Coast. The contract at issue in this appeal is a subcontract to a master contract between Bayou Boys and BP. There is no allegation that Aquatic is a party to that master service contract or has any minimum contacts with Texas.
We find that enforcement of this forum selection clause against Aquatic would be unreasonable and unjust, and enforcement would contravene a strong public policy of protecting the rights of small Louisiana companies to bring contractual disputes to Louisiana courts. Accordingly, we find the forum selection clause requiring Aquatic to file suit for payment in Texas to be invalid and unenforceable.
For the foregoing reasons, we find the trial court erred in finding the forum selection clause in the contract between Aquatic and Bayou Boy valid, and in sustaining the exception of venue. Accordingly, we reverse the trial court’s judgment, and we remand the matter for further proceedings in accordance with this opinion.

REVERSED AND REMANDED

. Contract Article 24:05.

. Garrity Printing, LLC v. M & M Mortg. Inc., 10-290 (La.App. 5 Cir. 11/9/10), 54 So.3d 81, 84 (citations omitted).

. 00-0610 (La.App. 4 Cir. 1/24/01), 779 So.2d 99.

. La. R.S. 51:1407.