DREW, J.
| ]Three parties will be referenced in this opinion:
• Plaintiffs, Benjamin and Keri Fidelak (“the Fidelaks”), who needed repairs made to their vehicle, a Land Rover;
• Defendant, Foreign and Classic Car Center, Inc. (“Foreign”), a Shreveport company which attempted to repair the Fidelak vehicle; and
• Third Party Defendant, Darkhorse Wheel and Traction Company d/b/a Motorcars Performance, d/b/a British Parts International (“BPI”), a Houston company that supplied an allegedly defective engine to Foreign, for installation into the Land Rover owned by the Fidelaks.
This dispute pertains to whether a valid and binding forum selection clause exists between Foreign and BPI. The invoice between Foreign and BPI clearly states on the bottom of each page that other terms and conditions may be found on the company’s website. The forum selection clause is spelled out on BPI’s website.
The engine failed some days after the Fidelaks took delivery of the vehicle from Foreign. The Fidelaks returned the car to Foreign, and eventually sued the Shreveport company in Caddo District Court, for violation of warranty, redhibition, and damages. Foreign in turn filed a third party action against BPI for reimbursement and indemnification. BPI’s exception of improper venue was sustained by the trial court, without prejudice to Foreign’s claim against BPI.
Foreign here appeals that adverse judgment, which effectively requires that any of Foreign’s litigation against BPI will take place in Harris County, Texas.
| .¿Foreign ⅛ Position
Foreign makes four basic arguments attacking the forum selection clause:
(1) There was no meeting of the minds between Foreign and BPI concerning forum selection and thus there was no consent and no contract concerning forum selection. The purported contract was entered during a telephone call from Foreign’s president, Charles Jones, to the BPI salesman in Houston, during which the engine was ordered, but nothing was said about the forum selection clause, the additional terms and conditions, and BPI’s website. BPI’s invoice does reference the website, but the invoice is silent about any forum selection clause. The first arguable notice of forum selection was contained in the written invoice, which arrived only after Foreign purchased the engine.[1]
(2) The forum selection clause is adhe-sionary and thus unenforceable. Foreign claims to be the disadvantaged party here, unaware of the disputed clause when agreeing to buy the motor. True consent may be vitiated when a contract is standard form, printed in small letters, and entered between parties with unequal bargaining positions. Since this contract was *458 prepared by BPI and the forum selection provision was found only on BPI’s website, this in effect constitutes “small print,” regardless of the size of the type. Foreign claims the real issues here to be the lack of readability and notice.
|a(3) All forum selection clauses violate Louisiana public policy and are unenforceable,[2] as held by the Third Circuit in Thompson Tree & Spraying Serv., Inc. v. White-Spunner Constr., Inc., 2010-1187 (La.App.3d Cir.6/1/11), 68 So.3d 1142, writ denied, 2011-1417 (La.9/30/11), 71 So.3d 290.
(4) Foreign claims statutory support for its position.[3]

Response of BPI

BPI urges us to affirm the trial court’s ruling for these reasons:
(1)The parties, both being sophisticated buyers and sellers, had been doing business together since 1984, and had engaged in 50 similar transactions during the nine years prior to this sale. All invoices clearly referenced the website.[4]
(2) Foreign’s failure to read a portion of the contract[5] is not a valid defense. The contract was not actually completed until Foreign paid the |4invoice over 40 days after the motor shipped. Foreign validly agreed to the Texas forum.
(3) Forum selection clauses do not violate public policy and are enforceable. Foreign’s reliance on Thompson, supra, is misplaced. More analogous to this situation is the later First Circuit case of Rising Resources Control, Inc. v. KIE Commodities & Finance, L.L.C., 2011-1026, (La.App.1st Cir.12/21/11), 80 So.3d 1217, writ denied, 2012-0658 (La.4/27/12), 86 So.3d 632, which discussed Thompson, supra. The Rising court found that commercially sophisticated parties could certainly contract to limit their disputes to a forum of their choosing. In particular, the First Circuit declined to follow the Third Circuit in extending La. R.S. 51:1401 et seq.,[6] to all contracts.
(4) BPI cites a recent federal Fifth Circuit case in accord with its position.[7]
*459 OUR ANALYSIS
The trial court properly granted the exception of improper venue. In addition to the able arguments of counsel, we find uncited codal authority arguably favorable to BPI.[8] BPI and Foreign were not strangers, as the two [^companies regularly did business on a similar basis, with equal footing, using the same invoice form.[9] They would be considered merchants and subject to the new provisions for the sale of movables contained in La. C.C. arts. 2601 and 2602.[10] Further, regardless of the actual moment at which a contract was made, the payment of the invoice weeks later certainly implies the ratification of the total contract, including all its terms, by Foreign.
The Third Circuit in Thompson, supra, certainly has a more expansive view of our consumer protection and unfair trade statutes than is evidenced by the First Circuit in Rising, supra. Each opinion is well reasoned, but we must choose.
RWe find that the cited statutes were intended to protect consumers who contract from disadvantageous bargaining positions, not to apply to all contracts of every type. To apply the prophylactic restrictions of LUTPA to the instant situation is overreaching. The parties contracted in good faith in a commercial transaction, and a deal is a deal.
BPI’s invoice is clear. Reference to the website is in small, but boldface print. The forum selection clause is in plain view *460 on their website. These savvy parties contracted to litigate in Texas. The companies had contracted on similar matters for a quarter of a century prior to this contract. Inexplicably, over all these years, apparently no one from Foreign ever accessed BPI’s website to peruse any terms and conditions, including the forum selection clause. The oversight is attributable to Foreign, not BPI.
This is not a first-time contract between a multinational corporation and an unsophisticated hayseed. There is no fíne print; nothing was hidden, and there is no unequal bargaining position.
DECREE
At the sole cost of Foreign, the trial court’s judgment granting BPI’s exception of improper venue is AFFIRMED.

. We note that Foreign’s payment of the invoice came weeks after its receipt.

. We have found forum selection clauses to be valid in recent decisions. Pitts, Inc. v. Ark-La Resources, L.P., 30,836 (La.App.2d Cir.8/19/98), 717 So.2d 268; and Barrett Auto Brokers v. Dealer Services Corp., 45,667 (La.App.2d Cir.9/22/10), 48 So.3d 322, writ denied, 2010-2381 (La. 12/10/10), 51 So.3d 734.
Foreign suggests that we reexamine our rulings in light of Thompson Tree & Spraying Service, Inc. v. White-Spunner Constr., Inc., 2010-1187 (La.App. 3d Cir.6/1/11), 68 So.3d 1142, writ denied, 2011-1417 (La.9/30/11), 71 So.3d 290, which held forum selection clauses unenforceable across the board and a per se violation of Louisiana public policy under the facts of that dispute.

. La. C.C.P. art. 44(A) directs that an objection to venue cannot be waived prior to commencement of an action. Moreover, La. R.S. 51:1407(A) provides the State Attorney General may restrain a party from engaging in illegal acts and states, in part:
It being against the public policy of the state of Louisiana to allow a contractual selection of venue or jurisdiction contrary to the provisions of the Louisiana Code of Civil Procedure, no provision of any contract which purports to waive these provisions of venue, or to waive or select venue or jurisdiction in advance of the filing of any civil action, may be enforced against any plaintiff in an action brought in these courts.

. "Terms and Condition are available online at www.motorcarsltd.com.”

. Foreign’s president testified at the hearing that he had seen the invoices but never gone to the website to read the terms and conditions.

. Unfair Trade Practices and Consumer Protection Law.

. One Beacon Ins. Co. v. Crowley Marine Services, Inc., 648 F.3d 258 (5th Cir.2011), involving a dispute over a written contract *459 which followed oral negotiations. In fairness, the website reference in Beacon was written in the contract. Foreign argues that the instant dispute is an oral contract, made over the phone, with no website reference at the time of the contract.

. La. C.C. art. 2053 Nature of contract, equity, usages, conduct of the parties, and other contracts between same parties
A doubtful provision must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and of other contracts of a like nature between the same parties. (Our emphasis.)

. La. C.C. art. 2055 Equity and usage
Equity, as intended in the preceding articles, is based on the principle that no one is allowed to take unfair advantage of another and that no one is allowed to enrich himself unjustly at the expense of another.
Usage, as intended in the preceding articles, is a practice regularly observed in affairs of a nature identical or similar to the object of a contract subject to interpretation. (Our emphasis.)

. La. C.C. art. 2601 Additional terms in acceptance of offer to sell a movable
An expression of acceptance of an offer to sell a movable thing suffices to form a contract of sale if there is agreement on the thing and the price, even though the acceptance contains terms additional to, or different from, the terms of the offer, unless acceptance is made conditional on the offeror’s acceptance of the additional or different terms. Where the acceptance is not so conditioned, the additional or different terms are regarded as proposals for modification and must be accepted by the offeror in order to become a part of the contract.
Between merchants, however, additional terms become part of the contract unless they alter the offer materially, or the offer expressly limits the acceptance to the terms of the offer, or the offeree is notified of the offeror’s objection to the additional terms within a reasonable time, in all of which cases the additional terms do not become a part of the contract. Additional terms alter the offer materially when their nature is such that it must be presumed that the offeror would not have contracted on those terms. (Our emphasis.)
La. C.C. art. 2602 Contract by conduct of the parties
A contract of sale of movables may be established by conduct of both parties that recognizes the existence of that contract even though the communications exchanged by them do not suffice to form a contract. In such a case the contract consists of those terms on which the communications of the parties agree, together with any suppletive law. (Our emphasis.)