VICTORY, J.
bWe granted this writ application to determine the enforceability of a forum selection clause. After reviewing the record and the applicable law, we reverse the judgments of the lower courts and hold that this forum selection clause is not enforceable because a third party defendant may not object to venue where the principal action has been instituted in the proper venue.
FACTS AND PROCEDURAL HISTORY
Benjamin and Keri Fidelak filed a petition for damages in Caddo Parish district court, a court of proper venue, against Foreign & Classic Auto Centre, Inc. (“Foreign & Classic”), a small, independent repair shop in Shreveport, Louisiana, specializing in the repair of high end foreign automobiles. The Fidelaks claimed that Foreign & Classic sold them a defective engine for their 2004 Land Rover. In response, Foreign & Classic raised numerous defenses and asserted a third party demand against British Parts International (“BPI”) for reimbursement and indemnification because BPI sold the engine to Foreign & Classic. BPI is headquartered in Houston, Texas, and conducts its business nationwide.
|2BPI filed a declinatory exception of improper venue asserting that venue was improper because a forum selection clause mandated that any litigation between the parties would take place in Harris County, Texas. Specifically, BPI asserted that the invoice for the sale of the engine stated that “Terms & Conditions are available on line at www.motorcarsltd.com.” On that *853 website, under “Terras & Conditions,” a paragraph entitled “Jurisdiction” stated: “It is agreed that all disputes are subject to Texas law and applicable federal law and will be filed and presented to Texas courts in Harris Country, Texas.” Foreign & Classic opposed the exception, arguing that forum selection clauses are unenforceable in Louisiana. Alternatively, Foreign & Classic claimed there was no meeting of the minds as to this forum selection clause, because the sale occurred when the president of Foreign & Classic ordered the engine over the telephone from an employee of BPI, at which time the parties discussed the engine and agreed to a price and the time of delivery. When Foreign & Classic received the engine several days later, the invoice was attached, but Foreign & Classic did not go to the website to read these Terms and Conditions. Foreign & Classic claims that these Terms and Conditions do not form a part of the contract between Foreign & Classic and BPI and that the forum selection clause “hidden” in the website cannot form part of the contract between the parties.
After a hearing, the district court sustained the exception of improper venue, finding that the forum selection clause and the Terms & Conditions found on the website were valid and enforceable. The district court noted that the parties had done business together for many years, and had used this invoice for numerous transactions. The Second Circuit affirmed, finding that commercially sophisticated parties could contract to limit their disputes to a forum of their choosing. Fidelak v. Holmes European Motors, L.L.C., 47,915 (La.App. 2 Cir. 2/27/13), 111 So.3d 456. 3We granted Foreign & Classic’s writ application to determine whether the exception of improper venue should have been granted. Fidelak v. Holmes European Motors, L.L.C., 13-0691 (La.5/17/13), 118 So.3d 378.
DISCUSSION
A forum selection clause is a provision in a contract that mandates a particular state, county, parish, or court as the proper venue in which the parties to an action must litigate any future disputes regarding their contractual relationship. In this case, BPI alleges that it contracted with Foreign & Classic to have their disputes settled in an out-of-state forum. Whether such clauses are valid under Louisiana law has never been squarely before us.[1]
*854 |4However, because of the procedural posture of this case, it is not necessary for us to decide this difficult issue. La. C.C.P. art. 1034 provides in part:
A defendant in an incidental action may plead any of the exceptions available to a defendant in a principal action, and may raise any of the objections enumerated in Articles 925 through 927, except that an objection of improper venue may not be urged if the principal action has been instituted in the proper venue.
A third party demand, such as the claim brought by Foreign & Classic against BPI, is an incidental demand. La. C.C.P. art. 1031. The principal action, i.e., the claim brought by the Fidelaks against Foreign & Classic, was brought in Caddo Parish, the parish of Foreign & Classic’s principal place of business, which is the proper ven *855 ue under La. C.C.P. art. 42. Under the plain language of La. C.C.P. art. 1034, BPI, as the third party defendant, may not object to venue as the principal action was | ^instituted in the proper venue. Therefore, the lower courts erred in granting BPI’s objection to venue.
DECREE
For the reasons stated herein, the judgments of the lower courts are reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.

. This Court has discussed the enforceability of forum selection clauses in Louisiana, but has never addressed them in light of La.C.C.P. art. 44(A). In Lejano v. Bandak, the Court applied federal law in holding that "in admiralty cases, federal law governs the enforceability of forum selection clauses,” and that under the law, forum selection clauses are generally enforceable. 97-388 (La.12/12/97), 705 So.2d 158, 166, cert. denied, Lejano v. K.S. Bandak Assuranceforeningen Gard, 525 U.S. 815, 119 S.Ct. 52, 142 L.Ed.2d 40 (1998).
In Sawicki v. KJS Stavanger Prince, 01-0528 (La. 12/7/01), 802 So.2d 598, this Court addressed the Lejano decision in light of the newly enacted statute. La. R.S. 23:921, recited infra, which limits the enforcement of forum selection clauses contained in employment contracts. In holding that La. R.S. 23:921 could be applied retroactively to plaintiff’s cause of action, this Court explained:
Louisiana Revised Statute 23:921A(2) is a strong expression of Louisiana public policy concerning forum selection clauses wherein the legislature clearly intended to allow Louisiana courts to adjudicate the claims of plaintiffs who have properly invoked their jurisdiction. This, suits validly filed in this state can remain here, despite forum selection clauses to the contrary unless the clause was expressly, knowingly, and voluntarily entered into and ratified after the occurrence of the incident which gives rise to the litigation. The legislature has expressed Louisiana's strong policy with a *854 legitimate concern for providing justice to those parties who would otherwise be entitled to adjudication in a Louisiana court.... The requirement that forum selection clauses be expressly, knowingly and voluntarily entered into and ratified after the occurrence of injury is a reasonable condition, and is appropriately geared toward Louisiana's public policy decision to allow its state courts to adjudicate claims brought within its jurisdiction.
802 So.2d at 606. Thus, in Sawicki, the Court addressed the enforceability of a forum selection clause in an employment contract in light of La.R.S. 23:921A(2), specifically noting a strong public policy of this state to allow Louisiana courts to adjudicate claims of plaintiffs who have properly invoked this state’s jurisdiction.
Finally, in Power Marketing Direct, Inc. v. Foster, 05-2023 (La.9/6/06), 938 So.2d 662, 675, a non-maritime case, this Court cited Lejano for the proposition that "forum selection clauses are legal and binding in Louisiana and should be enforced absent a clear showing that enforcement would be unreasonable or unjust, or that the clause is invalid for such reasons as fraud or overreaching.” However, in Power Marketing, the enforceability of a forum selection clause was not at issue and thus this statement is mere dicta. Further, the citation to Lejano for this proposition is not technically correct as Lejano involved the enforceability of a forum selection clause under federal law.
Our courts of appeal are split on the issue of whether forum selection clauses are enforceable in Louisiana. The First and Second Circuits have consistently enforced forum selection clauses. Rising Resources Control, Inc. v. Kie Commodities and Finance, L.L.C., 11-1026 (La.App. 1 Cir. 12/21/11), 80 So.3d 1217, 1219, writ denied, 12-658 (La.4/27/12), 86 So.3d 632; Vallejo Enterprise, L.L.C. v. Boulder Image, Inc., 05-2649 (La.App. 1 Cir. 11/3/06), 950 So.2d 832; Barrett Auto Brokers v. Dealer Services Corp., 45,667 (La.App. 2 Cir. 9/22/10), 48 So.3d 322, writ denied, 10-2381 (La. 12/10/10), 51 So.3d 734; Case Atlantic Co. v. Blount Bros. Const., Inc., 42,251 (La.App. 2 Cir. 6/20/07), 960 So.2d 1274, writ denied, 07-1541 (La. 10/12/07), 965 So.2d 403; Town of Homer v. United Healthcare of Louisiana, Inc., 41,512 (La.App. 2 Cir. 1/31/07), 948 So.2d 1163. The Fourth and Fifth Circuits have recently refused to enforce forum selection clauses, finding that they are contrary to strong public policies of this state, though the public policies cited did not relate to forum selection clauses. Gerrets v. Gerrets, 06-0087 (La.App. 4 Cir. 1/10/07), 948 So.2d 343, writ denied, 07-0574 (La.5/4/07), 956 So.2d 622; Aquatic Lodging, LLC v. Bayou Boys Boat Rental, LLC, 11-382 (La.App. 5 Cir. 12/28/11), 82 So.3d 562; but see Reynolds v. Paulson, 03-1884 (La.App. 4 Cir. 3/31/04), 871 So.2d 1215; Lee v. Commodore Holdings, Ltd., 00-1551 (La.App. 4 Cir. 12/6/06), 947 So.2d 158, writ denied, 07-0300 (La.4/20/07), 954 So.2d 163; Pique'-Weinstein-Pique’ Architects, Inc. v. New Orleans Aviation Bd., 99-1231 (La.4/25/00), 762 So.2d 76, writ denied, 00-1483 (La.6/3/00), 767 So.2d 41; Digital Enterprises, Inc. v. Arch Telecom, Inc., 95-30 (La.App. 5 Cir. 6/28/95), 658 So.2d 20 Pitts, Inc. v. Ark-La Resources, L.P., 30,836 (La.App. 2 Cir. 8/19/98), 717 So.2d 268; Garrity Printing, LLC v. M & M Mortg., Inc., 10-290 (La.App. 5 Cir. 11/9/10), 54 So.3d 81. The Third Circuit recently prohibited the enforcement of a forum selection clause in a construction contract. Thompson Tree & Spraying Service, Inc. v. White-Spunner Const., Inc., 10-1187 (La.App. 3 Cir. 6/1/11), 68 So.3d 1142, writ denied, 11-1417 (La.9/30/11), 71 So.3d 290; see also Shelter Mutual Ins. Co. v. Rimkus Consulting Group, Inc., 13-283 (La.App. 3 Cir. 7/22/13).