AMERIPRINT, LLC                                    NO. 21-C-110

VERSUS                                             FIFTH CIRCUIT

CANON FINANCIAL SERVICES, INC.                     COURT OF APPEAL
CANON SOLUTIONS AMERICA, INC.
                                                   STATE OF LOUISIANA

_____
May 24, 2021
_____

_____
Susan Buchholz
First Deputy Clerk

**IN RE** CANON SOLUTIONS AMERICA, INC.

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DANYELLE M. TAYLOR, DIVISION "O", NUMBER 804-626

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Robert A. Chaisson

**WRIT GRANTED**

Canon Solutions America, Inc. ("CSA") seeks supervisory review of a February 1, 2021 judgment of the trial court denying its declinatory exception of improper venue. For the following reasons, we grant CSA's writ application, vacate the judgment of the trial court, and render judgment sustaining CSA's exception of improper venue.

**BACKGROUND**

This case concerns the validity of a forum selection clause contained in a Maintenance Agreement between Ameriprint, LLC ("Ameriprint") and CSA for the maintenance of a Canon printer on premises located at 3546 Airline Highway in Metairie, Louisiana.[1] On October 17, 2016, Ameriprint signed a two-page Maintenance Agreement with CSA wherein CSA agreed to provide maintenance services for the Canon printer in exchange for a fixed monthly sum. The Maintenance Agreement contains the following provision in its terms and conditions:

> 8.  **GOVERNING LAW**.  THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH

---

[1] Ameriprint leased this printer from Canon Financial Services, Inc. ("CFS") by virtue of the assumption of a Lease Agreement between its predecessor, H & H Printing Services, Inc. ("H & H Printing") and CFS. CFS also seeks supervisory review from this Court in a separate writ application, No. 21-C-94, of the trial court's denial of its exception of improper venue.

21-C-110

THE LAWS OF THE STATE OF NEW YORK. YOU CONSENT TO THE EXCLUSIVE JURISDICTION AND VENUE OF ANY STATE OR FEDERAL COURT LOCATED WITHIN THE CITY OF NEW YORK UPON SERVICE OF PROCESS MADE IN ACCORDANCE WITH THE APPLICABLE STATUTES AND RULES OF THE STATE OF NEW YORK OR THE UNITED STATES. ANY AND ALL SUITS COMMENCED BY YOU AGAINST CSA, WHETHER OR NOT ARISING UNDER THIS AGREEMENT AND REGARDLESS OF THE LEGAL THEORY UPON WHICH SUCH SUITS ARE BASED, SHALL BE BROUGHT ONLY IN THE STATE OR FEDERAL COURTS LOCATED WITHIN THE CITY OF NEW YORK. YOU HEREBY WAIVE OBJECTIONS AS TO VENUE AND COVENIENCE OF THE FORUM. …

On February 27, 2020, Ameriprint filed suit in the 24th Judicial District Court for the Parish of Jefferson for rescission and dissolution of the lease and for damages against both CSA and CFS. In its petition, Ameriprint alleged that, since assumption of the lease, it has experienced recurring problems with the printer due to defects such as the spewing of noxious substances which require remediation, that technicians were unable to make repairs, and that it lost profits and revenues.

Ameriprint filed a supplemental and amending petition on August 4, 2020, to additionally state facts relevant to its claims against CSA: that Ameriprint had a maintenance contract with CSA to maintain the leased printer, that CSA breached the contract by failing to maintain the printer, and that CSA refused to honor and comply with the terms and conditions of the maintenance contract.[2]

In response to Ameriprint's amended petition, CSA filed a declinatory exception of improper venue in which it argued that the forum selection clause contained in the Maintenance Agreement requires all claims to be filed in a New York court and that venue in Jefferson Parish is improper.

In response to this exception, Ameriprint argued that venue is proper in Louisiana based on general rules for actions on contracts set forth in La. C.C.P. art. 76.1, as well as for actions on offenses or quasi offenses set forth in La. C.C.P. art. 74. Ameriprint also argued that its petition alleges facts sufficient to state a claim under the Louisiana Unfair Trade Practices Act, which allows for actions to be brought by Louisiana residents regardless of forum selection clauses. Ameriprint further argued that the forum selection clause contained in the Lease Agreement is not contractually binding because it is adhesionary, against public policy, and devoid of the requisite consent.[3]

Following a hearing on the matter at which no evidence was introduced, the trial court, after finding the Lease Agreement and the Maintenance Agreement were contracts of adhesion and against public policy, issued a judgment in favor of Ameriprint denying both exceptions of improper venue. This timely writ application followed.

---

[2] This amended petition was filed in response to exceptions of no cause of action and no right of action filed by CSA contending that it was not a party to the Lease Agreement or the Assumption Agreement.
[3] We note that Ameriprint's argument in opposition concerns the Lease Agreement with CFS, but makes no mention of the Maintenance Agreement with CSA.

**LAW**

Venue is a question of law, which is reviewed *de novo* by the appellate court. *Seghers v. LaPlace Equip. Co., Inc.*, 13-350 (La. App. 5 Cir. 2/12/14), 136 So.3d 64. Evidence may be presented at a hearing on a declinatory exception. La. C.C.P. art. 930. If evidence is admitted at a hearing on a declinatory exception, the exception must be resolved on the evidence presented, rather than on the allegations in the petition. *Johnson v. Byrd*, 48,411 (La. App. 2 Cir. 9/25/13), 125 So.3d 1220, 1226. For purposes of a venue exception, the allegations of the plaintiff's petition are taken as true; however, when evidence is offered at a trial on the exception, the court is not bound to accept as true the allegations of the petition. *Chumley v. White*, 46,479 c/w 46,707 (La. App. 2 Cir. 11/9/11), 80 So.3d 39, 42.

A forum selection clause is a provision in a contract that mandates a particular state, county, parish, or court as the proper venue in which the parties to an action must litigate any future disputes regarding their contractual relationship. *Fidelak v. Holmes European Motors, L.L.C.*, 13-0691 (La. 12/10/13), 130 So.3d 851, 853. Forum selection clauses should be enforced in Louisiana unless the resisting party can clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching or that enforcement would contravene a strong public policy of the forum in which the suit is brought. *Shelter Mut. Ins. Co. v. Rimkus Consulting Grp., Inc. of Louisiana*, 13-1977 (La. 7/1/14), 148 So.3d 871, 881. Forum selection clauses are generally enforceable and are not *per se* violative of public policy in Louisiana. *Id.* at 878. Forum selection clauses are favored because the elimination of uncertainties relative to the location of litigation by agreement in advance on an acceptable forum to both parties is an indispensable element of trade, commerce, and contracting. *Id.* at 882. In *Creekstone Juban I, L.L.C. v. XL Ins. Am., Inc.*, 18-0748 (La. 5/8/19), 282 So.3d 1042, 1048, the Louisiana Supreme Court re-emphasized that forum selection clauses are unenforceable and against public policy in "very limited circumstances."

A contract of adhesion is a standard contract, usually in printed form, prepared by a party of superior bargaining power for adherence or rejection of the weaker party. *Aguillard v. Auction Mgmt. Corp.*, 04-2804 (La. 6/29/05), 908 So.2d 1, 10. Often in small print, these contracts sometimes raise a question as to whether or not the weaker party actually consented to the terms. *Id.* Consent is called into question by the standard form, small print, and most especially the disadvantageous position of the accepting party, which is further emphasized by the potentially unequal bargaining positions of the parties. *Id.* An unequal bargaining position is evident when the contract unduly burdens one party in comparison to the burdens imposed upon the drafting party and the advantages allowed to that party. *Id.* Once consent is called into question, the party seeking to invalidate the contract as adhesionary must then demonstrate the non-drafting party either did not consent to the terms in dispute or his consent was vitiated by error, which in turn renders the contract or provision unenforceable. *Id.*

Upon *de novo* review, we find that the trial court erred in denying CSA's exception of improper venue. Ameriprint argues, without providing supporting evidence, that it would not have entered into the maintenance agreement if it had known of the printer's defects. This argument concerns the merits of Ameriprint's claims for breach of contract and action in redhibition, but does not address the validity of the

presumptively valid forum selection clause.  In its petition, Ameriprint acknowledges the Lease Agreement, the Assumption Agreement, and the Maintenance Agreement, but alleges no facts concerning the negotiation or signing of these agreements which suggest they were not freely entered into at the time they were signed.  Even assuming the allegations set forth in the petition are true, Ameriprint has failed to show, with alleged facts or evidence, that enforcement of the agreement would be unreasonable or unjust, or that enforcement would contravene a public policy of the State of Louisiana.  Accordingly, we grant this writ application, vacate the February 1, 2021 judgment of the trial court, and sustain the declinatory exception of improper venue filed by CSA.

Gretna, Louisiana, this 24th day of May, 2021.

**RAC**
**SMC**
**FHW**

4

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY <u>05/24/2021</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-C-110**

## E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Danyelle M. Taylor (DISTRICT JUDGE)
Christine Lama (Relator)                    J. Douglas Sunseri (Respondent)
                                            Lindsay G. Faulkner (Respondent)

## MAILED

Trevor C. Davies (Respondent)              Michael R. Fontham (Relator)
Attorney at Law                            Attorney at Law
1340 Poydras Street                        909 Poydras Street
Suite 2000                                 Suite 3150
New Orleans, LA 70112                      New Orleans, LA 70112

5/24/21

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Michael R. Fontham
Attorney at Law
909 Poydras Street - Suite 3150
New Orleans, LA 70112
21-C-110                      05-24-21

|||||||||| BARCODE ||||||||||
9590 9402 2434 6249 3631 47

2. Article Number (Transfer from service label)

7015 0640 0006 9935 3459

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

x _Bobbie Sawyer_
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
Bobbie Sawyers     5/26/21

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

5/24/21

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Trevor C. Davies
Attorney at Law
1340 Poydras Street - Suite 2000
New Orleans, LA 70112
21-C-110                              05-24-21

9590 9402 2434 6249 3631 23

2. Article Number *(Transfer from service label)*

7015 0640 0006 9935 3466

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _M Render_                    ☐ Agent
                                ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
Michelle Renda

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt