**UNIVERSAL SERVICES AND ASSOCIATES, LLC**

**VERSUS**

**WADE GRUNDMEYER, VAL COERVER, TAUBER OIL COMPANY, TAUBER PETROCHEMICAL CO., CHAD VERHOFF AND CAROLYN SHEFFIELD**

\*      NO. 2022-CA-0427

\*

\*      COURT OF APPEAL

\*

\*      FOURTH CIRCUIT

\*

     STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-08933, DIVISION "E"
Honorable Omar Mason, Judge
\* \* \* \* \* \*
**JUDGE SANDRA CABRINA JENKINS**
\* \* \* \* \* \*

(Court composed of Judge Roland L. Belsome, Judge Sandra Cabrina Jenkins, Judge Rachael D. Johnson)

James C. Cronvich
Clarence F. Favret, III
Jordan T. LeBlanc
FAVRET CARRIERE CRONVICH, LLC
650 Poydras Street
Suite 2300
New Orleans, LA 70130

      COUNSEL FOR PLAINTIFF/APPELLANT

Tristan Edwards Manthey
Loretta G. Mince
Michael R. Dodson
FISHMAN HAYGOOD, L.L.P.
201 St. Charles Avenue
Suite 4600
New Orleans, LA 70170-4600

      COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**
**JANUARY 26, 2023**

SCJ
RLB
RDJ

Plaintiff-appellant, Universal Services and Associates, L.L.C. ("Universal") appeals the trial court's April 14, 2022 judgment granting the exception of improper venue in favor of defendant-appellees, Wade Grundmeyer, Val Coerver, WMG Enterprises, L.L.C. ("WMG"), and Coerver Enterprises, Inc. ("Coerver Enterprises"), and dismissing defendants without prejudice. For the reasons assigned, we affirm the trial court's judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

On July 1, 2012, Universal entered into a contract with Tauber Oil Company ("Tauber") to sell petrochemical products to Tauber. There were four contracts between Universal and Tauber. The agreement consisted of Tauber sending its vehicles to Universal's facility to load petrochemical products and Tauber would forward a spreadsheet to Universal itemizing the product and amounts picked up, the product's monetary value, Tauber's expenses, and the amount owed to Universal. Thereafter, Universal would issue an invoice to Tauber and Tauber would remit payment to Universal.

1

On November 2, 2021, Universal filed a petition for damages alleging that its former employees, Mr. Grundmeyer and Mr. Coerver systemically misappropriated over one million dollars from Universal over several years. Universal named the following as defendants: Mr. Grundmeyer, Mr. Coerver, Tauber, Tauber Petrochemical, Chad Verhoff, and Carolyn Sheffield.[1] Universal alleged that Mr. Grundmeyer and Mr. Coerver falsified the product spreadsheet that Tauber issued each time it picked up product from Universal. Universal further alleged that Tauber's employees, Mr. Verhoff and Ms. Sheffield issued payment to Universal for the reduced invoice amount and also remitted the difference to Mr. Grundmeyer or his designees. Thereafter, on January 4, 2022, Universal filed its first amending petition naming WMG and Coerver Enterprises as additional defendants.

On January 14, 2022, Mr. Grudmeyer, Mr. Coerver, WMG, and Coerver Enterprises filed a declinatory exception of improper venue pursuant to La. C.C.P. art. 925. The defendants argued that Universal's claims are subject to a binding and mandatory forum selection provision that requires all actions to be brought in Harris County, Houston, Texas. Universal subsequently filed an opposition to the exception of improper venue, arguing that the clause is irrelevant because its claims do not involve the contract and that Orleans Parish is a proper venue under La. C.C.P. art. 42 and 73.

The trial court held a hearing on the defendants' exception on April 1, 2022. After hearing arguments, the trial court ruled:

---

[1] This matter is related to another appeal, *Universal Servs. & Associates, LLC v. Grundmeyer*, 2022-0426 (La. App. 4 Cir. 12/16/22), ---So.3d----, 2022 WL 17729517, in which Universal appealed a final judgment dated April 11, 2022, which sustained an exception of improper venue filed by Tauber, Tauber Petrochemical, Mr. Verhoff, and Ms. Sheffield.

[T]he Court does not see a way to separate the allegations and the actions that are being alleged from the contract at issue, because the source of the allegations for conversion clearly arise out of, or arise under or in connection with the transactions that were memorialized, or at least the agreement were memorialized in the contract, and the allegations are with respect to conversion of funds -- of money. And the money is in the form of payments that are laid out per the terms of the contract. And though the Court recognizes that the plaintiffs did not -- plaintiff does not file a breach of contract lawsuit, the Court cannot ignore the fact that the allegations are so intertwined with the contract itself that it can't ignore the fact that the provisions of the contract which the Louisiana law favors, and to which the Court acknowledges that there was no argument against the forum selection itself other than it's relevancy to this matter. The Court does find that it is relevant, because but for the contract it appears the parties who allegedly conspired on both sides of the equation would not have been doing business together but for the contract. Therefore, the Court finds that the forum selection clause of the contract or contracts at issue dominates in this matter and should be enforced.

On April 14, 2022, the trial court issued a judgment sustaining the defendants' exception, and dismissed Universal's claims without prejudice. On May 10, 2022, Universal timely filed its motion for devolutive appeal. Universal's appeal followed.

**STANDARD OF REVIEW**

Appellate courts review exceptions of improper venue using the *de novo* standard of review, as venue is a question of law. *Bruno v. CDC Auto Transp., Inc.*, 2019-1065, p. 7 (La. App. 4 Cir. 6/3/20), 302 So.3d 8, 12 (citing *Matthews v. United Fire & Casualty Insurance Company Doctor Pipe, Inc.*, 2016-0389, p. 3 (La. App. 4 Cir. 3/8/17), 213 So.3d 502, 505). "We are allowed to 'render judgment on the record without deference to the legal conclusions of the [trial court].'" *Bruno*, 2019-1065, pp. 7-8, 302 So.3d at 12 (quoting *Land v. Vidrine*, 2010-1342, p. 3 (La. 3/15/11), 62 So.3d 36, 39).

**DISCUSSION**

Universal asserts three assignments of error:

3

1. The trial court's finding that Universal's claim triggered the venue clause in the contract was legal error.

2. The trial court's finding that Mr. Grundmeyer and Mr. Coerver could avail themselves of the contract's venue clause was legal error.

3. The trial court's failure to find that permitting Mr. Grundmeyer and Mr. Coerver to avail themselves of the contract's venue clause did not violate public policy was legal error.

While Universal assigns three errors, we narrow our discussion to one issue, whether the trial court erred in finding that the forum selection clause in the Universal and Tauber contracts were applicable to Mr. Grundmeyer and Mr. Coerver and their associated entities.

### *Venue and Forum Selection Clauses*

Universal argues that Orleans Parish is a proper venue because Mr. Grundmeyer is an Orleans Parish domiciliary. Universal further argues that the lawsuit does not arise out of the contracts with the venue clause because Mr. Grundmeyer and Mr. Coerver were not parties to the contract between Universal and Tauber.

Venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject. La. C.C.P. art. 41. Under the general rules of venue, an action against an individual domiciled in the state shall be brought in the parish of his domicile. La. C.C.P. art. 42(1). These general rules of venue, however, are subject to the exceptions contained in La. C.C.P. arts. 71 through 86, and as otherwise provided by law. La. C.C.P. art. 43. Among those exceptions, La. C.C.P. art. 73 provides in pertinent part that "an action against joint or solidary obligors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant."

4

Our Supreme Court has held that "forum selection clauses are generally enforceable and are not *per se* violative of public policy in Louisiana." *Shelter Mut. Ins. Co. v. Rimkus Consulting Grp., Inc. of Louisiana*, 2013-1977, p. 12 (La. 7/1/14), 148 So.3d 871, 878. "A forum selection clause is a provision in a contract that mandates a particular state, county, parish, or court as the proper venue in which the parties to an action must litigate any future disputes regarding their contractual relationship." *Shelter Mut. Ins. Co.*, 2013-1977, p. 4, 148 So.3d at 873 (quoting *Fidelak v. Holmes European Motors, L.L.C.*, 2013-0691, p. 3 (La. 12/10/13), 130 So.3d 851, 853). "Contractual forum selection clauses are *prima facie* valid and are enforced in Louisiana 'unless the resisting party can clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching ... [or that] enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.'" *Creekstone Juban I, L.L.C. v. XL Ins. Am., Inc.*, 2018-0748, p. 5 (La. 5/8/19), 282 So.3d 1042, 1046 (quoting *Shelter Mutual Ins. Co.*, 2013-1977, pp. 16-17, 148 So. 3d at 881).

In *Louisiana Pigment Co., L.P. v. Air Liquide America, L.P.*, the Third Circuit reviewed whether the trial court erred in denying a declinatory exception of improper venue. 2013-698, p. 1 (La. App. 3. Cir. 10/15/14), 149 So.3d 997, 998. Plaintiff, Louisiana Pigment Company, L.P. ("Louisiana Pigment") entered into an agreement with Big Three Industrial Gas, Inc. ("Big Three") for the delivery of oxygen and nitrogen to a facility operated by Louisiana Pigment. Air Liquide America, L.P. ("Air Liquide") became a party of interest in the contract through Big Three. Thereafter, Air Liquide Large Industries, U.S. L.P. ("Air Liquide US") was assigned the contract and managed it for several years before it submitted

written notice to Louisiana Pigment informing of the termination of the contract. *Louisiana Pigment Co.*, 2013-698, pp. 1-2, 149 So.3d 998.

Louisiana Pigment filed suit against Air Liquide and Air Liquide US, asserting that the two entities manipulated the delivery meters so that higher supplemental rates applied. *Id*. at p. 2, 149 So.3d at 998. The defendants responded by filing a declinatory exception of improper venue based on a clause in the contract that provided the agreement shall be construed in accordance with the laws of Texas and shall be performed in Harris Country, Texas. Louisiana Pigment argued that the clause was unenforceable because it was against public policy. *Id*. at p. 3, 149 So.3d at 999. The *Louisiana Pigment Co.* court found that the forum selection clause in the contract applied because Louisiana Pigment did not claim that any of the exceptions to the enforceability of such a clause applied, such as for being unreasonable or unjust, or that the clause was invalid for reasons of fraud or overreaching, and Louisiana Pigment solely relied on the contention that Louisiana has a public policy against enforcement of all forum selection clauses. *Id*. at p. 12, 149 So.3d at 1004.

In *Lejano v. Bandak*, the plaintiff argued that the court of appeal erred in affirming the trial court's decision to enforce a choice of forum clause in favor of a party who was not a signatory to the clause. 97-0388, p. 4 (La. 12/12/97), 705 So.2d 158, 161. The plaintiff, a seaman was injured on a vessel while in the course and scope of his employment with a Norwegian company. His employment contract included a forum selection provision that provided that disputes be resolved in either the Philippines or Norway. *Id*. at p. 2, 705 So.2d at 160.

The plaintiff filed suit in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana against his employer and its foreign

insurers. *Lejano*, 97-0388, p. 2, 705 So.2d at 160. The defendants filed several declinatory exceptions, including an exception of improper venue. After a few years of litigation, the trial court found that the forum selection clause in the plaintiff's contract was valid and that the case was governed by either Norwegian or Philippine law. The trial court ordered the plaintiff to file his claim in either Norway or the Philippines. *Id*. at pp. 2-3, 705 So.2d at 161.

> The *Lejano* court noted that:
>
> The forum selection provision of the employment contract between [plaintiff] and defendant repeats the language of the forum selection provision in the collective bargaining agreement. The employment contract also specifically states that a claim arising from the contract is to be brought in either Norway or the Philippines, subject to application of Norwegian's [sic] law.

*Id.* at 16, 705 So.2d at 167. The *Lejano* court found that the forum selection provision of the employment contract was enforceable, holding that the plaintiff failed to make a clear showing that enforcement would be unreasonable, unjust, fraudulent or overreaching. *Id.* at 19, 705 So.2d at 168.

In the instant matter, Universal asserts that the venue clause the defendants seek to enforce is inapplicable to the lawsuit because its conversion claim did not arise under or in connection with its contract to sell product to Tauber. Universal also asserts that enforcing the venue clause in the contracts would violate public policy because it would be "patently unjust to permit a person who converted the property of another to avail themselves of a venue clause in the agreement that conveyed ownership of the property to the person dispossessed." Universal's arguments are misplaced.

7

Similar to *Louisiana Pigment Co.*, Universal entered into an agreement to sell product to Tauber. Within the agreement there was a venue clause that provided:

> The Agreement shall be construed, interpreted and the rights of the parties determined in accordance with the general maritime law of the United States, to the extent applicable, and otherwise determined in accordance with the laws of the State of Texas without regard to any choice of law rules. The parties to this Agreement hereby submit to a court of competent jurisdiction in the State of Texas. Venue of any suit, right or cause of action arising under or in connection with this Agreement shall lie exclusively in Harris County, Houston, Texas.

The record reveals that Universal's claims are associated with its agreement with Tauber. Universal's petition and first amending petition alleged that Mr. Grundmeyer and Mr. Coerver falsified the product spreadsheet that Tauber issued each time it picked up product from Universal and diverted large portions of funds owed by Tauber, which led to it being issued for payment in a reduced amount. A purchase contract amendment lists Mr. Grundmeyer and Mr. Coerver as brokers. Accordingly, the Universal and Tauber contracts are the foundation of Universal's claims against the defendants. Further, Universal has not shown that the forum selection clause goes against Louisiana's public policy.

As the defendants in *Lejano*, the Mr. Grundmeyer and Mr. Coerver were not signatories of the Universal and Tauber contracts, however, they sought to exercise the forum selection clause contained in it. Universal contends that the clause exists for Tauber's benefit since Tauber is a Texas entity, and Mr. Grundmeyer and Mr. Coerver should not be permitted to avail themselves of the clause. This argument is also misplaced as it has been explained in Louisiana jurisprudence that "forum selection clauses are legal and binding in Louisiana and should be enforced absent a clear showing that enforcement would be unreasonable or unjust, or that the

8

clause is invalid for such reasons as fraud or overreaching." *Shelter Mut. Ins. Co.*, 2013-1977, p. 9, 148 So.3d at 877; *See Creekstone Juban I, L.L.C.*, 2018-0748, p. 5, 282 So.3d at 1046. We find that based on our review of the record and the exceptions set forth above, Universal has failed to show that the forum selection clause is unenforceable. In light of the above, we find that the trial court did not err in sustaining the defendants' declinatory exception of improper venue and dismissing Universal's claims without prejudice.

**CONCLUSION**

For the foregoing reasons, we affirm the trial court's April 14, 2022 judgment sustaining the defendants' declinatory exception of improper venue, and dismissing Universal's claims without prejudice.

**AFFIRMED**